## Clint SAWYER *v.* STATE of Arkansas

CR 84-94                                           678 S.W.2d 367

Supreme Court of Arkansas
Opinion delivered November 5, 1984

*Gannaway, Darrow & O'Bryan,* by: *Joe O'Bryan,* for appellant.

*Steve Clark,* Att'y Gen. by: *Velda West Vanderbilt,* Asst. Att'y Gen., for appellee.

STEELE HAYES, Justice. Appellant was charged with

three counts of rape against three different victims and three counts of burglary committed in connection with those rapes. At trial the jury returned guilty verdicts on all six counts and appellant was sentenced to three consecutive life terms for the rape charges and sixty years for the burglary charges, the sixty years to run concurrently with the life terms. On appeal the appellant raises three points, none of which merits reversal.

Appellant first contends there was insufficient evidence to convict him for one of the rapes as his confession on that count was not corroborated by independent evidence. Ark. Stat. Ann. § 43-2115 provides that:

> A confession of a defendant, unless made in open court will not warrant a conviction unless accompanied with other proof that such an offense was committed.

We stated in *Bivens* v. *State,* 242 Ark. 362, 413 S.W.2d 653 (1967), [t]he test of the correctness of the verdict is not whether there was sufficient evidence to sustain a conviction, but whether there was evidence that such an offense was committed or, in other words, "proof of the corpus delicti."

Appellant stated in his confession he went to the victim's house and found her in the bedroom. When she resisted he struggled with her and then raped her. The evidence showed the victim went to a neighbor the morning after the attack. She had been beaten, had a cut over her eye and was taken to a doctor. There was clear evidence the victim's trailer had been broken into. One of the investigating officers testified that the trailer door had a chain on it in the middle and the lower part of the door had been pulled out to allow someone to crawl through. The victim was a ninety-two year old woman who had severe hearing problems and had been disoriented since the attack. She testified to being beaten but was unable to state anything about the actual rape. One of those officers, however, testified that the victim had reported the rape to

the police. No objection was raised to this testimony. But even so, we have said a rape victim's report to a third person that a rape occurred is generally admissible. *Urquhart* v. *State*, 273 Ark. 486, 621 S.W.2d 218 (1981). It is not necessary that the evidence be sufficient to sustain a conviction. The statute only requires that the confession be accompanied by other proof such an offense was committed. *Bivens* v. *State, supra.* The evidence and circumstances in this case were sufficient for such corroboration.

Appellant raises two other points which he believes deprived him of an impartial tribunal. First, he objects to a question posed to the elderly victim of the rape discussed above. On direct she was asked, "Ms. Beulah, do you remember being raped back in December of 1982?" An objection was made but no grounds were stated. The court had already ruled that it would allow leading questions of the witness because of her age and severe hearing problems. Because the objection was not sufficiently specific to inform the trial court as to the particular error complained of, the right to review on appeal was not preserved. *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983).

Appellant also argues that had the trial court granted a directed verdict on this rape charge, the prejudice from the implied accusation in the leading question would have been removed from the minds of the jury in determining guilt or innocence on the other counts. The appellant waived any objection to the leading question by not stating specific grounds. In view of the substantial evidence that appellant had committed two other rapes, the argument that he was prejudiced by the mere implications of a third is not persuasive. *Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982).

Affirmed.