Clint SAWYER *v.* STATE of Arkansas

CR 96-693                                   938 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered February 24, 1997

Appellant, *Pro se.*

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

PER CURIAM. The *pro se* appellant, Clint Sawyer, was convicted of three counts of rape and three counts of burglary in 1983. He was sentenced to a total of sixty years' imprisonment for the burglary convictions, which he is serving concurrently with three consecutive life sentences that he received on each of the rape convictions. We affirmed the judgment in *Sawyer v. State,* 284 Ark. 26, 678 S.W.2d 367 (1984). In this case, Sawyer is appealing an order of the Lincoln County Circuit Court that denies his petition for habeas corpus relief. We affirm.

A writ of habeas corpus will issue only if the commitment was invalid on its face or the committing court lacked jurisdiction. *Cothrine v. State,* 322 Ark. 112, 907 S.W.2d 134 (1995). On appeal, Sawyer argues that the court that tried him lacked subject-matter jurisdiction because the information charging him with three counts of rape was insufficient. Specifically, he contends that the culpable mental state was omitted from statutory elements of the crime that were listed in the information.

Each of the rape charges that were included in the information filed against Sawyer read as follows:

The said Clint Sawyer in the county and state aforesaid, on or about the 17th day of December 1982, did unlawfully and feloniously engage in sexual intercourse with. . .(name and address of victim) by forcible compulsion in violation of Ar. Stat. #41–1803, a class Y felony;

At the time the information was filed, rape was defined by Ark. Stat. Ann. § 41–1803, which provided:

*Rape* (1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

(a) by forcible compulsion; or

(b) who is incapable of consent because he is physically helpless; or

(c) who is less than (11) years old.

(2) Rape is a class Y felony.

We have held that an information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and if it set forth the principal language of the statute and the asserted facts constituting the offense. *Beard v. State*, 269 Ark. 16, 598 S.W.2d 72 (1980). As can be seen, the rape charges filed against Sawyer meet these requirements. Accordingly, the information was sufficient.

■ Even if the information were insufficient, the trial court would have had subject–matter jurisdiction of the rape charges. We have previously observed that the proper time to object to the sufficiency of an indictment or information is prior to trial. *See Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991); *England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962); Ark. Code Ann. § 16–85–705 (1987). We have declined to review the sufficiency of an information on appeal when there was no proper objection in the court below. *Prince, supra.* If we considered the issue to be jurisdictional, we could have overlooked the failure to object and reversed the conviction, if necessary, on our own motion. *See Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). Accordingly, the subject–matter jurisdiction of the trial court is not implicated when the sufficiency of the information is questioned, and Sawyer is not entitled to habeas corpus relief.

█ Sawyer also argues that this court has impermissibly narrowed the grounds for habeas corpus relief. In particular, he contends that our cases, which hold that a writ of habeas corpus will issue only if the commitment was invalid on its face or the committing court lacked jurisdiction, do not embrace the intent of the legislature as it is expressed in the language of the habeas corpus statute, Ark. Code Ann. § 16-112-103 (1987). The State, in response, contends that the legislature has declined several opportunities to amend the statute to express its disagreement with this court's interpretation. The State argues that since the legislature has not done so, the court's interpretation remains the law. We agree.

Ark. Code Ann. § 16-112-103, in pertinent part, provides:

(a) The writ of habeas corpus shall be granted forthwith. . .to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he is detained without lawful authority. . .

We have held that a habeas corpus petitioner is being held without lawful authority when the commitment order is invalid on its face or the circuit court lacked jurisdiction. *Mitchell v. State*, 233 Ark. 578, 346 S.W.2d 201 (1961). The legislature is presumed to be familiar with this court's interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. *See Tovey v. City of Jacksonville*, 305 Ark. 401, 808 S.W.2d 740 (1991). Without such amendments, however, this court's interpretation of the statute remains the law. *See Morris v. McLemore*, 313 Ark. 53, 852 S.W.2d 135 (1993).

Affirmed.