Ricky Lee SCOTT *v.* STATE of Arkansas

CR 08-48                                          279 S.W.3d 66

Supreme Court of Arkansas
Opinion delivered March 6, 2008

[Rehearing denied May 8, 2008.]

PER CURIAM. In 1998, a jury found appellant Ricky Lee Scott guilty of first-degree murder and sentenced him to life imprisonment. This court affirmed the judgment. *Scott v. State*, 337 Ark. 320, 989 S.W.2d 891 (1999). In 2007, appellant, proceeding pro se, filed in the trial court a petition for writ of habeas corpus under Act 1780 of 2001 Acts of Arkansas, codified as Ark. Code Ann. §§ 16-112-201 to -208 (Repl. 2006), and a motion for testing. The court denied the motion and petition, and appellant has lodged an appeal of that order in this court.[1] Appellant brings pro se motions requesting that we appoint counsel to represent him, provide access to the record, and grant an extension of time in which to file appellant's brief. Because we determine that appellant's petition was not timely, we dismiss the appeal and the motions are therefore moot.

---

[1] Appellant indicates that the order also denied his motion for default judgment, but the order does not reference that motion. The record does contain a separate order entered on a different date that denies appellant's motion for default judgment, but the notice of appeal does not reference a ruling on that motion or that order.

This court has consistently held that an appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (per curiam). Section 16-112-202(10) provides that a motion for relief under Act 1780 must be made in a timely fashion. Section 16-112-202(10) further provides for a rebuttable presumption against timeliness for any motion not made within thirty-six months of the date of conviction and lists five grounds by which the presumption may be rebutted. Appellant filed his motion for relief under the act more than nine years after his conviction and failed to rebut the presumption in his petition. As a result, it is clear that appellant's petition was not timely and that he cannot prevail on appeal.

To overcome the presumption against timeliness, a petitioner must establish, in the petition, one of the grounds listed in section 16-112-202(10)(B). *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam). Under the act, a petitioner may establish that his petition is timely through a showing that incompetence substantially contributed to the delay, that the evidence to be tested is newly discovered, or that a new method of technology that is substantially more probative than prior testing is available. A petitioner may rebut the presumption based upon a claim that denial would result in manifest injustice, but may not do so solely through an assertion of his innocence. A petitioner can also rebut the presumption through other good cause. *See id.* In appellant's petition, he did not assert incompetence. Appellant's requests for testing, despite his claims to the contrary, did not point to any new technology that is more probative than what was available at the time of his trial. Appellant asserted that the evidence was newly discovered, but that claim is patently unfounded. Each of the items that appellant sought to have tested was available at the time of his trial.

Appellant sought testing of written statements provided by three witnesses. He indicated in the petition that those statements were provided to the defense through discovery in March of 1997. While appellant alluded to claims that the prosecution withheld unspecified evidence that the witnesses committed perjury, the evidence that he asked to be tested consisted of the same statements used in his defense. He asked that those statements be compared to handwriting samples from one of the investigating officers, claiming that those comparison samples are newly discovered. The samples to be tested are those that have been available, however, and are not newly discovered.

Appellant provided no circumstance that would have made the statements to be tested unavailable for handwriting analysis and testing to show forgery, as the issue was whether the statements were written by the witnesses. Lack of samples from the officer appellant contends actually wrote the statements would not have prevented testing of the documents for authenticity. Appellant indicated that the witnesses were cross-examined concerning whether or not they had authored the statements. From appellant's allegations in the petition, it is clear the defense was well aware of the issue and could have requested testing. The evidence to be tested was not newly discovered and appellant did not demonstrate that there were more probative new methods of testing.

Appellant next requested that the trial court order a jersey tested for gunpowder residue. Appellant indicated the jersey, which the prosecution had presented at trial as the one worn at the time of the shooting, was available before trial and sent to the State Crime Laboratory for testing. Appellant contended that there are now available trace-metal detection tests that are more probative than what was available at the time of his trial. There may indeed be new technology that would be more probative to show appellant's guilt, that is, tests to show that a gun was fired while appellant was wearing the jersey. Those tests, however are not more probative of appellant's innocence, as the absence of gunpowder residue on the jersey would not indicate that a gun was not fired. We construe section 16-112-202(10)(B) to require a showing that the new testing is more probative of a petitioner's innocence, rather than his guilt.

Appellant's last claim in his petition requested testing of a .380 bullet casing introduced at trial for fingerprints, ballistics, and DNA testing. These tests would have been available at the time of trial. The most recently developed of these tests, deoxyribonucleic acid testing, was available prior to the time of appellant's trial, was no longer novel, and may have been admitted as evidence. *See Moore v. State*, 323 Ark. 529, 915 S.W.2d 284 (1996). Appellant did not allege facts to support his contention that there is a new method of technology that is substantially more probative than the testing that was available at the time of his trial.

Appellant's petition and motion failed to rebut the statutory presumption against timeliness. Because appellant did not timely file a petition and motion for testing, it is clear that the trial court did not err in dismissing the petition and motion, and we

dismiss the appeal. Appellant's motions in this court for appointment of counsel, access to the record, and an extension of time to file his brief are therefore moot.

Appeal dismissed; motions moot.