SLIP OPINION  Cite as 2013 Ark. 357

# SUPREME COURT OF ARKANSAS

No. CR-12-747

|  |  |  |
|---|---|---|
| JESSIE HILL | APPELLANT | **Opinion Delivered** September 26, 2013 |
|  |  | PRO SE MOTION TO EXTEND TIME TO SUBMIT BRIEF [OUACHITA COUNTY CIRCUIT COURT, 52CR-95-156, HON. EDWIN KEATON, JUDGE] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE |  |
|  |  | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

Appellant Jessie Hill lodged in this court an appeal from an order in the Ouachita County Circuit Court denying a motion to vacate, set aside, and discharge his 1995 conviction for first-degree murder. The motion that was denied sought scientific testing under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Appellant has filed a motion for an extension of time in which to submit his brief, and after filing the motion, he tendered a brief. We need not consider the motion, however, because we dismiss the appeal. The motion is moot.

An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward where it is clear that the appellant could not prevail. *Cooper v. State*, 2013 Ark. 180 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam); *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam). It is clear that appellant cannot prevail because the trial court did not have jurisdiction under Act 1780 to grant relief on appellant's motion.

Act 1780 provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. *King*, 2013 Ark. 133. With the amendments under Act 2250, there are a number of predicate requirements that must be met before a court can order testing under the Act. *See id.* One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B). Appellant filed his motion with its request for testing in the trial court in 2011, more than fifteen years after the judgment had been entered. Under section 16-112-202(10)(B), appellant was therefore required in his motion to rebut a presumption against timeliness. *See Foster v. State*, 2013 Ark. 61 (per curiam). Appellant failed to do this.

The statute provides grounds for rebutting the presumption against timeliness by a showing that the person was or is incompetent and that the incompetence contributed to the delay; that the evidence to be tested is newly discovered; that a manifest injustice would result not based solely on the claimant's own assertion of innocence; that a new method of technology that is substantially more probative than prior testing is available; or other good cause. *Garner v. State*, 2012 Ark. 271 (per curiam). Appellant included some conclusory allegations in the petition that there were new methods of technology available, but he did not demonstrate that this new technology would be more probative than the prior testing that was available at the time of trial.

The testing that appellant sought in his motion was fingerprint testing of the gun used in the murder. Appellant did not contend that fingerprint testing was not available at the time of

2

trial, but, he asserted in the motion for testing that there is "advanced technology to produce latent print analysis" on the gun. He also alleged that ballistic testing had been performed with the gun prior to trial. He did not aver that he had requested fingerprint testing of the gun or that the fingerprint testing had been performed that could not, at that time, produce conclusive results.[1] Appellant's allegations fell short of demonstrating that any new technology that may be available would be more probative than what was available at the time of his trial.

Appellant's motion in the present case failed to rebut the presumption against timeliness, and, as a consequence, the trial court did not have jurisdiction to consider the petition for relief under the Act. *See Hill v. State*, 2012 Ark. 204 (per curiam) (citing *Wallace v. State*, 2011 Ark. 295 (per curiam)). Because the lower court lacked jurisdiction to consider the petition, this court also lacks jurisdiction to consider the merits of the appeal. *Cooper v. State*, 2012 Ark. 123 (per curiam).

Appeal dismissed; motion moot.

*Jessie Hill*, pro se appellant.

No response.

---

[1]In other appeals lodged in this court concerning the same underlying conviction, appellant contended that the gun was indeed tested for fingerprints, and he provided copies of the results. The test results appellant offered showed that no prints suitable for identification were produced and noted that the weapon had been recovered from under water and was covered in rust.