SLIP OPINION

Cite as 2013 Ark. 410

# SUPREME COURT OF ARKANSAS

No. CR-13-374

|  |  |
|---|---|
| WALLACE GARDNER<br>APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 10, 2013<br><br>PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND MOTION TO CORRECT BRIEF [PULASKI COUNTY CIRCUIT COURT, 60CR-04-1077, HON. TIMOTHY DAVIS FOX, JUDGE]<br><br><br>APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

In 2004, appellant Wallace Gardner was found guilty by a jury of capital murder and aggravated robbery. He was sentenced as a habitual offender to an aggregate term of life imprisonment without parole. We affirmed. *Gardner v. State*, 364 Ark. 506, 221 S.W.3d 339 (2006).

In 2013, appellant filed a pro se petition for writ of habeas corpus in the trial court pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), seeking scientific testing of a gun discovered inside the apartment shared by the victim and a witness to the murder, Joseph Kendall, and of shell casings found outside the apartment. The trial court denied the motion, and appellant lodged this appeal. Now before us are appellant's motion for extension of time to file brief and motion to correct brief, in which appellant seeks a copy of his record at public expense.

SLIP OPINION

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam). Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. § 16-112-201 to –203.

In his petition, appellant extensively quoted Act 1780; however, he failed to show that his request satisfied the requirements of section 16-112-202. He did not describe any new technology that would result in new scientific evidence or otherwise allege what evidence testing would produce. While appellant referred to testimony that Kendall, the victim's roommate who was present when the victim was shot and killed outside their apartment, had held the .22-caliber gun that appellant sought to be tested, it is unclear how any testing of the gun would produce new material evidence that would raise a reasonable probability that appellant did not commit the offense. Kendall admitted holding the gun, and the medical examiner testified that the victim's gunshot wound was consistent with a .380-caliber weapon. Moreover, there was testimony that the spent shell casings found outside the victim's apartment were analyzed by the State Crime Lab and determined to be .380- caliber shell casings. Appellant also contends that his argument for habeas relief is supported by a claimed discrepancy in testimony regarding the proximity of the shooter to the victim at the time that the shots were fired. However, appellant failed to show how

SLIP OPINION

further testing of the .22-caliber weapon or shell casings would provide new scientific evidence of the proximity of the shooter to the victim at the time that the shots were fired or how such evidence would prove his actual innocence.

The generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous. *Cooper v. State*, 2012 Ark. 123 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Considering the unsubstantiated claim raised by appellant that merely asked for scientific testing and the absence of any showing that the testing could satisfy section 16–112–202, it cannot be said that the circuit court erred in denying relief. *See Hutcherson v. State*, 2013 Ark. 104 (per curiam).

Moreover, we agree with the trial court that dismissal of the petition is proper because it was not timely filed. A petitioner who files a petition more than thirty-six months after the entry of the judgment of conviction must rebut a presumption that his petition is untimely. Ark. Code Ann. § 16–112–202(10)(B). This presumption against timeliness may be rebutted by showing that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; that the evidence to be tested is newly discovered; that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; that a new method of technology exists that is substantially more probative than was the testing

SLIP OPINION

available at the time of the conviction; or for other good cause. *Id.* Petitioner filed his petition more than eight years after the judgment of conviction had been entered against him, and he failed to state any basis in his petition to rebut the presumption against timeliness.

Appeal dismissed; motions moot.