SLIP OPINION

Cite as 2014 Ark. 326

# SUPREME COURT OF ARKANSAS

**No.** CR-13-799

|  |  |  |
|---|---|---|
| WILLIE HUTCHERSON | | **Opinion Delivered** July 31, 2014 |
| | **APPELLANT** | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-99-1834] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | **APPELLEE** | |
| | | AFFIRMED. |

## PER CURIAM

In 2000, appellant Willie Hutcherson was found guilty by a jury of four counts of aggravated robbery, three counts of misdemeanor theft of property, and one count of felony theft of property. The facts giving rise to the judgments are as follows: On April 2, 1999, a clerk was robbed at a Conoco gas station on Baseline Road in Little Rock. The clerk testified at appellant's trial that appellant was the person who had robbed her. On the morning of April 3, 1999, a clerk at a Texaco station on Dixon Road was robbed by a man, whom the clerk identified as appellant. On the night of April 3, 1999, a clerk was robbed at a Texaco station on Ninth Street. The clerk identified appellant at trial and in a pretrial photo spread as the robber. On the afternoon of April 5, 1999, a clerk was robbed at a liquor store on Dixon Road. The clerk identified appellant at trial as the person who had robbed him. Appellant was sentenced as a habitual offender to an aggregate term of 2880 months' imprisonment, which included 60 months' imprisonment for possession of a firearm by a felon. The Arkansas Court of Appeals affirmed. *Hutcherson v. State*, 74 Ark. App. 72, 47 S.W.3d 267 (2001).

In 2011, appellant filed in the trial court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Act 1780, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); Ark. Code Ann. § 16-112-201, *Biggs v. State*, 2014 Ark. 114 (per curiam); *Strong v. State*, 2010 Ark. 181, 372 S.W. 3d 758 (per curiam). The petition was denied, and appellant appealed to this court. The appeal was dismissed because it was clear that appellant could not prevail if the appeal were allowed to proceed. *Hutcherson v. State*, 2013 Ark. 104 (per curiam).

On May 9, 2013, appellant filed in the trial court a motion under section 16-112-202 seeking fingerprint testing, DNA testing, and further examination of a videotape showing the robbery of the Texaco station on Ninth Street. On May 30, 2013, he filed a "motion for new trial," requesting that the videotape of the robbery of the Texaco station on Ninth Street be tested under section 16-112-208 and again requesting the fingerprint and DNA testing sought in the May 9, 2013 motion. The trial court denied both pleadings in one order on the ground that the two pleadings were successive habeas pleadings and subject to denial under section 16-112-205(d). Appellant brings this appeal.

Section 16-112-205(d) provides that a trial court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition if the issues raised in it have previously been decided by the Arkansas Court of Appeals or the Arkansas Supreme Court in the same case. The generally applicable standard for review

of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous, although issues concerning statutory interpretation are reviewed de novo. *Cooper v. State*, 2013 Ark. 180 (per curiam) (citing *Echols v. State*, 2010 Ark. 417, 373 S.W.3d 892). An abuse of discretion standard applies when the statute allows the trial court to exercise discretion. *Cooper*, 2013 Ark. 180; *see Isom v. State*, 2010 Ark. 496, 372 S.W.3d 809. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Cooper*, 2013 Ark. 180; *Pitts v. State*, 2011 Ark. 322 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Guy v. State*, 2011 Ark. 305 (per curiam).

In his petition filed under the statute in 2011, appellant contended that testing of the videotape that showed the robbery of the Texaco station on Ninth Street would reveal that he was not the robber. He did not, however, state in the 2011 petition that there was any new technology that would result in a clearer image or otherwise allege what evidence testing the tape would produce.

In his second and third pleadings filed in 2013, appellant contended that, in 2006, the performance of the latest facial-recognition technology was evaluated, and it was found that the technology had improved greatly since its inception. He cited developments in facial-recognition technology by several persons and named several countries that used facial-recognition technology to identify persons. He argued that the new facial-recognition algorithms that had been developed since his trial would aid in identifying the person shown in the videotape robbing

SLIP OPINION

the Texaco station on Ninth Street. He argues on appeal that the new technology cited in the May 9, 2013 petition is substantially more probative than prior testing, and permission for the testing of the images on the tape should have been ordered under the statute inasmuch as such testing could show that another man who was arrested on the day of the robbery was the actual robber.

Appellant failed to establish that he was entitled to the relief sought under the statute. Act 1780 of 2001, as amended by Act 2250 of 2005, in effect on the date that appellant filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam); *Garner v. State*, 2012 Ark. 271 (per curiam). Before a circuit court can order testing under the statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. § 16-112-202.

One of these predicate requirements is that the petition must be filed in a timely fashion. Ark. Code Ann. § 16-112-202(10). In 2005, the statute was amended to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction. *Id.* This presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion

would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In the instant case, appellant filed his pleadings in the trial court approximately thirteen years after the judgment-and-commitment order had been entered of record and approximately eight years after section 16-112-202 had been amended to include the 36-month limitation. He fails to state any basis to rebut the presumption against timeliness. While appellant refers to advances in facial-recognition technology, he does not demonstrate that the new technology is accepted in this state or that it is substantially more probative than that available at the time of trial, that the videotape is available with an unbroken chain-of-custody, or that the tape reveals facial features capable of being enhanced through the application of a particular technology. In short, he has not established that there is new technology that would exclude him as the perpetrator of the robbery of the Texaco station. Moreover, when the evidence of his guilt as adduced at trial is considered, the allegations fail to raise a reasonable probability that he is innocent as required by section 16-112-202(8)(B).

Appellant also argues on appeal that he was denied the equal opportunity that section 16-112-208(e)(1) offers African Americans and that there was a violation of the Equal Protection Clause. He also claims that the trial court's denial of the motion violated his "creative liberty interest."

Appellant bases his argument concerning equal protection on the claim that other persons have been allowed to have scientific testing done in their cases despite the fact that they had filed

successive petitions. The basis for the argument concerning his liberty interest is not clearly stated in the brief, but, in any event, we will not consider either argument in this appeal because appellant did not raise the issues in the pleadings in the same form as he raises them in his brief. If the issue was not raised in the petition, the trial court did not have the opportunity to rule on the issue. Likewise, this court will not consider new arguments in support of a claim that are advanced for the first time in the appellant's brief. *See Green v. State*, 2013 Ark. 455 (per curiam). With respect to those portions of the arguments that were raised below, appellant failed to show that the trial court erred in its order under the facts of his case. That is, the fact, in itself, that other petitioners in other cases may have been allowed to file successive petitions under the circumstances of those petitioners' cases does not constitute a showing that petitioner was denied equal protection and due process of law.

Appellant includes in his points for reversal of the order the claim that the request for DNA testing should have been granted, and he argues that it was not because he failed to raise it in his first petition under the statute. While appellant mentioned DNA and fingerprint testing repeatedly in his pleadings, he did not identify what evidence he desired to have tested. For that reason, he did not state a ground on which relief under the statute could have been granted with respect to those tests even if his 2013 pleadings had not been successive petitions.

Appellant argued in one of his pleadings and argues on appeal that he was treated with indifference by the trial court and denied relief because he filed a lawsuit against certain attorneys. The allegation, as it was raised below and as it is raised in this appeal, is unclear. It will suffice to say that the claim does not demonstrate that the trial court erred in its decision on the 2013

pleadings.

Finally, appellant contends in his brief that the trial court erred in denying his pleadings without an evidentiary hearing. Section 16-112-205(a) provides that the trial court is not required to hold an evidentiary hearing if the petition, files, and records conclusively show that the petitioner is entitled to no relief. Because it is clear from the 2013 pleadings, that appellant was not entitled to the relief sought in the successive pleadings, the trial court was not required to hold a hearing. Also, appellant failed to rebut in the 2013 pleadings the presumption against timeliness pursuant to section 16-112-202(10)(B). We find no error in the trial court's order denying the requested relief without a hearing. *See Ferrell v. State*, 2014 Ark. 242 (per curiam); *see also Penn v. State*, 2013 Ark. 409 (per curiam).

Affirmed.

*Willie Hutcherson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.