SLIP OPINION



Cite as 2014 Ark. 454

# SUPREME COURT OF ARKANSAS

No. CR-14-99

| | | |
|---|---|---|
| JAMES E. CLEMONS | | **Opinion Delivered** October 30, 2014 |
| | PETITIONER | |
| | | PRO SE PETITION AND AMENDED |
| V. | | PETITION FOR BELATED APPEAL |
| | | [UNION COUNTY CIRCUIT COURT |
| | | NO. 70CR-08-156] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | HONORABLE HAMILTON H. |
| | | SINGLETON, JUDGE |
| | | |
| | | PETITIONS TREATED AS MOTION |
| | | FOR RULE ON CLERK AND DENIED. |

## PER CURIAM

Petitioner James E. Clemons filed in this court a pro se petition for belated appeal and an amended petition for belated appeal. He seeks to lodge the record and proceed belatedly with an appeal of two orders filed in the Union County Circuit Court. The first order denied a petition under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), and the second denied a motion for reconsideration of the order denying relief. We treat the petitions as a motion for rule on clerk and deny it.

In 1992, Billy Ponder was stabbed to death at his flower shop in El Dorado. In 2007, testing of certain physical evidence from the crime scene provided a DNA match to petitioner's DNA sample on file in CODIS, the national DNA databank. In 2009, petitioner was convicted of capital murder for Ponder's death and received a sentence of life imprisonment without parole. This court affirmed the judgment. *Clemons v. State*, 2010 Ark. 337, 369 S.W.3d 710.

SLIP OPINION

In 2012, petitioner filed a habeas petition in the circuit court seeking scientific testing of certain evidence. A writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *Winnett v. State*, 2013 Ark. 482 (per curiam). The circuit court initially dismissed the petition for lack of jurisdiction, but this court reversed and remanded for the trial court to consider the petition. *Clemons v. State*, 2013 Ark. 18 (per curiam). On remand, the circuit court entered an order denying the petition on April 11, 2013. In that order, the circuit court referenced a response filed by the State on February 25, 2013, and adopted that response, incorporating it into its order as setting forth the basis for the decision.

On April 17, 2013, petitioner filed a motion for reconsideration that asserted that the order did not include the findings of facts and conclusions of law required under the statute. Petitioner filed a notice of appeal from the April 11, 2013 order on May 29, 2013. He also filed, on September 4, 2013, a "second notice of appeal" from an order entered on September 5, 2013, denying the motion for reconsideration. The September 4, 2013 notice of appeal did not reference the earlier order or indicate that the previous notice of appeal had been amended. On December 16, 2013, which was 101 days after the date the second notice of appeal was deemed filed, the record was tendered to this court's clerk, and the clerk declined to lodge it. *See* Ark. R. App. P.–Crim. 2(b)(1) (2014) ("A notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered.").

The two notices of appeal were timely, and the petition is therefore appropriately treated

SLIP OPINION

as a motion for rule on clerk to lodge the record under Arkansas Supreme Court Rule 2-2 (2013). *Mitchael v. State*, 2012 Ark. 256 (per curiam). Arkansas Rule of Appellate Procedure–Criminal 4(b) (2013) requires that the record be tendered to this court within ninety days of the date of the notice of appeal. When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Martin v. State*, 2014 Ark. 187 (per curiam).

As grounds to excuse the procedural default, petitioner alleges that his representative was reassured in person by the circuit-court clerk about one week before the deadline to lodge the record that the record would be prepared and lodged on time, and he attached an affidavit to the amended petition in support of that claim. This court has consistently held that it is the appellant who is to perfect an appeal. *Id.* We need not consider the asserted basis for good cause, however, because it is clear from the record that petitioner could not prevail on appeal if he were allowed to proceed. An appeal from an order that denied a petition for postconviction relief, including a petition seeking scientific testing, will not be allowed to proceed where it is clear that an appellant could not prevail. *Hall v. State*, 2013 Ark. 516 (per curiam).

Although petitioner seeks to appeal both the April 11, 2013 order denying his petition and the September 5, 2013 order denying the motion for reconsideration, it was not made clear in the second notice of appeal that petitioner was amending his first notice of appeal to include the earlier order. Amendment of the notice of appeal is necessary in order to appeal the denial

3

of the April 11, 2013 order. *See* Ark. R. App. P.–Crim. 2(b)(2). We need not determine whether petitioner satisfied the requirements of Rule 2, however, because it is clear from our review of the order for reconsideration that petitioner could not succeed on appeal as to either order.

Petitioner's grounds for the circuit court to reconsider its order denying relief were that the court failed to grant an evidentiary hearing or make findings of fact and conclusions of law as required by the statute. Arkansas Code Annotated section 16-112-205 requires the trial court to set a hearing, determine the issues, and make findings of fact and conclusions of law in an order granting or denying the relief, unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief. Ark. Code Ann. § 16-112-205(a). The circuit court's April 11, 2013 order denying relief referenced a response filed by the State as the basis for the order. If the State's response incorporated into the order sufficiently covered the necessary issues, then the circuit court was not prohibited from referencing the response in its order to provide the basis for the decision. *See Robinson v. State*, 2014 Ark. 310 (per curiam) (holding that, because the State's response to a petition under Arkansas Rule of Criminal Procedure 37.1 covered the issues raised in the petition and this court could determine from the record that the petition was wholly without merit, the order was adequate).

Here, the State's response did provide a sufficient basis for the circuit court to determine that the files and records of the proceedings conclusively show that the petitioner was entitled to no relief. Although petitioner is correct that the order and response did not explicitly make a ruling indicating summary disposition of the petition, the response clearly stated that the

petition had failed to identify any evidence for testing that had been preserved and secured as a result of his conviction and which would support a theory of defense to establish petitioner's actual innocence.

Arkansas Code Annotated section 16-112-202 requires that a petitioner who requests relief and who seeks scientific testing to provide the basis for his relief must identify evidence for testing that meets specific criteria set out in the statute. Before a circuit court can order testing under the statute, there are a number of these predicate requirements that must be met. *Hutcherson v. State*, 2014 Ark. 326, ___ S.W.3d ___ (per curiam).

Under section 16-112-202, the petition must identify specific evidence for testing that was secured as a result of petitioner's conviction; the evidence must have been maintained subject to a chain of custody; and the petitioner must identify a theory of defense, not inconsistent with any affirmative defense presented at trial, based on the new evidence that the requested testing would provide, and which would establish petitioner's actual innocence. *See* Ark. Code Ann. § 16-112-202; *see also Aaron v. State*, 2010 Ark. 249 (per curiam). In addition, the specific evidence to be tested cannot have been previously subject to the same testing, and the petitioner who seeks testing must not have knowingly waived the right to test the evidence or failed to request testing in a prior motion for post-conviction testing. Ark. Code Ann. § 16-112-202(2). Petitioner sought additional testing in support of his claim for relief in his petition, but he did not identify evidence that would satisfy the predicate requirements under section 16-112-202 so that testing could be ordered.

In his request for testing, petitioner identified evidence that he contended had been

SLIP OPINION

preserved for testing, as follows: latent prints on the cash drawer; blood on a golden towel found at the crime scene; blood on the cash drawer; epidermal skin on the victim's jean's rear pocket. He attached reports from the Arkansas State Crime Laboratory dated from 1992 and 1996 in support.

The reports that petitioner attached did not indicate that, to the extent not consumed during testing, samples had been retained. The trial record, however, does contain reports from the later testing conducted in 2007, 2008, and 2009, which have such notations concerning cuttings and tape lifts from the victim's pants, cuttings from the towel, and a swab from an area of the cash drawer. The victim's jeans were to be retained by the El Dorado police department under an order issued March 18, 2009, but the cash drawer and the remaining portions of the towel were not included in that order.

To the extent that there were samples retained for testing, however, petitioner did not explain in the petition how any new evidence that might be developed would support a theory of defense that would establish petitioner's actual innocence. Petitioner must have shown in his petition that the testing could provide new material evidence that would raise a reasonable probability that he did not commit the offense. *See Slocum v. State*, 2013 Ark. 406 (per curiam). At trial, petitioner's defense was based on the theory that, after petitioner had been paid by the victim for a sexual encounter and left the flower shop, someone else had come into the shop and taken the victim's money and stabbed him. The trial testimony from representatives of the crime lab concerning the evidence that petitioner wished to have reexamined was already consistent with that theory.

The testimony was that all of the eight usable latent prints examined from the cash drawer excluded petitioner, that the DNA profiles from the lifts from the towel were too limited for accurate comparisons, that there were no DNA profiles obtained from the cash drawer, and that the DNA profile mixture from the victim's back pocket excluded petitioner as a contributor. Considering the theory of defense used at trial and the fact that the evidence that petitioner would now have retested failed to connect petitioner to the crime, petitioner did not show there was any theory of defense that would establish his actual innocence. He did not identify any individual that, with a link to the crime scene, would have become a viable suspect, nor did he otherwise identify a defense theory that would exonerate him using the evidence that could be produced from further testing.

In addition, petitioner did not identify new tests that were to be performed on either the fingerprints or the DNA evidence. Because the evidence had already been subjected to testing, this was essential in order to satisfy section 16-112-202(2). It was also necessary because the petition was filed more than thirty-six months after the judgment had been entered, triggering the requirement that petitioner rebut a presumption against timeliness.[1] *See* Ark. Code Ann. § 16-112-202(10). To rebut the presumption, petitioner was required not only to identify new testing methods, but also demonstrate that the new technology was substantially more probative than the technology that was available at the time of his trial. *See Slocum*, 2013 Ark. 406.

The reports concerning the evidence at issue that were admitted in petitioner's trial

---

[1]The petition was filed on April 9, 2012, and the judgment was entered on March 26, 2009. The petition was filed more than a week after the end of the period for filing a presumptively timely petition.

detailed tests that were conducted during a period from 2007 to 2009. The petition only made conclusory allegations to the effect that there were new methods of technology that are substantially more probative than the prior testing that was available in 1992. It is true that a number of specialized DNA tests had become available before 2007, and, as the opinion on direct appeal notes, newer tests were utilized in identifying petitioner as a suspect. *See Slocum*, 2013 Ark. 406 (discussing the availability of Short Tandem Repeats and mitochondrial-DNA testing prior to 1995). Petitioner did not, however, identify any new methods or any advancements following his 2009 trial in support of the allegations. He did not demonstrate that any new specialized test was substantially more probative than the Polymerase Chain Reaction DNA technology used on the evidence admitted at trial in 2009. He accordingly did not rebut the presumption against timeliness. *See id.*; *Aaron*, 2010 Ark. 249; *see also Hutcherson v. State*, 2014 Ark. 326, 438 S.W.3d 909 (per curiam); *Gardner v. State*, 2013 Ark. 410 (per curiam); *Penn v. State*, 2013 Ark. 409 (per curiam); *Hill v. State*, 2013 Ark. 357 (per curiam).

The generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the circuit court's findings are clearly erroneous, although issues concerning statutory interpretation are reviewed de novo and an abuse-of-discretion standard applies when the statute allows the trial court to exercise discretion. *Baron v. State*, 2014 Ark. 418 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* It was not clear error for the circuit court to summarily dismiss the petition without an evidentiary hearing because the

SLIP OPINION

petition did not identify evidence or testing to satisfy the statutory requirements for testing. Because the order sufficiently set out the basis for the decision so that this court could affirm the denial of relief, petitioner cannot prevail on an appeal of either order.

Petitions treated as motion for rule on clerk and denied.

*James E. Clemons*, pro se petitioner.

No response.