Courtney Hudson Goodson, Justice, dissenting. I must respectfully dissent from the majority opinion because I believe it is premature to remand this case for a hearing at this time. As the majority notes, the record contains a competency evaluation that appears | ]0to be missing three pages. Because we cannot conduct a proper evaluation of the record without the missing pages, I believe we should remand for the limited purpose of settling the record before addressing the merits of the points on appeal. Our law is clear that the trial court is not required to hold a hearing on a post-conviction petition if the record conclusively shows that he is entitled to no relief. See, e.g., Hutcherson v. State, 2014 Ark. 326, 438 S.W.3d 909. When the record is missing pages, our custom is to remand to settle the record. See, e.g., Lee v. State, 2011 Ark. 525, 2011 WL 6091362; Hayes v. State, 2013 Ark. 450, 2013 WL 5968936; Williams v. State, 362 Ark. 416, 208 S.W.3d 761 (2005). In my opinion, this procedure better serves judicial economy in this case because it would allow us to review the entire record to determine whether it conclusively shows that Beverage is not entitled to relief, rather than requiring the trial court to hold a hearing on that issue. If, after reviewing the complete record, we determine that Beverage is not entitled to relief, no hearing would be required. In short, we should take the steps necessary to allow us to do our job of evaluating the record first, before imposing an additional, and potentially unnecessary, burden on the circuit court. Accordingly, I dissent from the majority opinion.