SLIP OPINION

Cite as 2015 Ark. 369

# SUPREME COURT OF ARKANSAS

No. CR-15-25

| | | |
|---|---|---|
| CLINT SAWYER | | **Opinion Delivered** October 8, 2015 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | LONOKE COUNTY CIRCUIT COURT |
| | | [NO. 43CR-83-30] |
| STATE OF ARKANSAS | | |
| | | HONORABLE BARBARA ELMORE, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED. |

**PER CURIAM**

In 1983, appellant Clint Sawyer was found guilty by a jury in the Lonoke County Circuit Court of three counts of rape and three counts of burglary. He was sentenced to three consecutive life sentences for the rape charges and sixty years' imprisonment for the burglary charges with the burglary charges to run concurrently with the life sentences. This court affirmed his convictions and sentences. *Sawyer v. State*, 284 Ark. 26, 678 S.W.2d 367 (1984). He then sought permission to proceed in the trial court pursuant to Arkansas Rule of Criminal Procedure 37.1 (1983). This court denied the petition to proceed. *Sawyer v. State*, CR-84-94 (Ark. Feb. 25, 1985)(unpublished per curiam). In 1997, Sawyer filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, claiming that the circuit court lacked subject-matter jurisdiction to try him because the criminal information was insufficient to confer jurisdiction. This court affirmed the trial court's denial of habeas corpus relief. *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (per curiam).

On July 31, 2014, Sawyer filed in the Lonoke County Circuit Court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and

SLIP OPINION

codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006).[1] The trial court denied the petition, finding that Sawyer failed to rebut the presumption against timeliness and failed to satisfy the requirement that the requested testing would produce new evidence that would support the theory of defense presented at trial. Sawyer timely lodged an appeal in this court from the order.

In his petition, Sawyer first alleged that his identity as the perpetrator of the rape was in question and that no DNA evidence was introduced at trial. He also alleged that his signed confessions were not signed by him or that, if they were signed by him, it was done under "undue duress." None of his claims satisfy the requirements of Act 1780 entitling him to relief.

Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), in effect on the date that Sawyer filed his petition, provides that a writ of habeas corpus can issue based on scientific evidence not available at trial proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201(a)(1). Under the statute, when a petitioner fails to provide factual support for the claim that there is scientific evidence which bears on his case, he has failed to demonstrate that he is entitled to relief. *See Darrough v. State*, 2014 Ark. 334, 439 S.W.3d 50 (per curiam). Before a trial court can order testing under this statute, however, there are a number of predicate requirements that must be

---

[1] Sawyer's petition for habeas corpus relief is titled "Habeas Corpus Petition and Request for DNA Testing (A.C.A. 16-112-101–123)[.]" However, Sawyer's arguments and references to Act 1780 indicate that he sought habeas-corpus relief pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), and the trial court disposed of it as such.

met. *Douthitt v. State*, 366 Ark. 570, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

One of these requirements is that the proposed testing must produce new material evidence that would both support the theory of defense presented at trial and raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8). Thus, in order to be entitled to DNA testing, Sawyer must establish that the testing of the vaginal-smear slide, vaginal swab, vaginal washing, and night gown from one of the victims can provide new material evidence that would raise a reasonable probability that he did not commit the rape. *See, e.g.*, *Garner v. State*, 2012 Ark. 271, at 4 (Appellant failed to demonstrate that the evidence he requested to be tested was newly discovered or that new testing was available to him that was not available to him during his trial.). It was stipulated at trial that semen was found on a vaginal-smear slide taken from one of the victims and that blood from another victim's pillowcase matched Sawyer's group B blood type. Sawyer agreed to the stipulations.[2] A third victim had a pistol removed from her home on the night of the rape, and that pistol was found in Sawyer's home. On the day Sawyer was questioned by law-enforcement officers regarding the rapes and burglaries, he had cuts on the left side of his face, particularly notable because the most recent victim had informed the officers that she had cut Sawyer with a razor blade after he had raped her. Moreover, Sawyer confessed to committing all three rapes.

---

[2] This court takes judicial notice of the record on direct appeal, and it is not necessary to supplement the record when the trial record provides an adequate record of what was considered below. *Davis v. State*, 2013 Ark. 118 (per curiam).

SLIP OPINION

Sawyer fails to state a specific reason that testing of the vaginal-smear slide now would yield a different result nor does he contend what "new method or technology," outside a generalized claim that "DNA identifications can help prosecutors identify criminal suspects[,]" would be substantially more probative than prior testing. *See Davis v. State*, 366 Ark. 401, 403–04, 235 S.W.3d 902, 904 (2006) (per curiam) (When scientific testing merely duplicates records in existence at the time of conviction, the Act 1780 requirement that new, non-cumulative evidence supporting appellant's claim of innocence is not satisfied.). Sawyer fails to set forth any grounds that further testing on the vaginal-smear slide or testing on any of the other items, for that matter, would produce material evidence or raise a reasonable probability that he did not commit the three counts of rape and burglary to prevail under the Act. *Clemons v. State*, 2014 Ark. 454, 446 S.W.3d 619 (per curiam). Thus, the trial court's decision to deny relief was not clearly erroneous.

Sawyer also challenged all three of his written confessions in his habeas petition and requested that the written confessions be subject to handwriting analysis. Although not ruled on specifically by the trial court, Sawyer's claim that he is entitled to handwriting analysis must fail. At trial, Sawyer claimed that the confessions were written out but that he did not recall signing the confessions. On direct appeal, he claimed that there was insufficient evidence to support one of his rape convictions because that one confession was not corroborated by independent evidence. This court affirmed, finding that the confession was accompanied by other proof sufficient for corroboration. *Sawyer*, 284 Ark. 26, 678 S.W.2d 367. Again, Sawyer fails to establish that handwriting analysis would produce new material evidence or raise a

SLIP OPINION

reasonable probability that he did not commit the rapes and burglaries, as he admits the writing samples were available to test at the time of his trial. *Scott v. State*, 372 Ark. 587, 279 S.W.3d 66 (2008). Furthermore, to the extent Sawyer attempts to challenge his confessions by stating that "if they were signed by him, they were signed under 'undue' duress[,]" such a challenge is inconsistent with his claim that he simply did not sign them at all—which does nothing to satisfy the requirements under the Act entitling him to relief.

Notwithstanding all the above, denial of Sawyer's petition was also proper because it was not timely filed. Ark. Code Ann. § 16-112-202(10). Another predicate requirement to be met prior to the trial court ordering testing is that the petition must be filed in a timely fashion. Ark. Code Ann. § 16-112-202(10). In 2005, the statute was amended to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction. *Id.* This presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In the instant case, Sawyer filed his petition in the trial court thirty-two years after the judgment-and-commitment order had been entered of record and approximately ten years after section 16-112-202 had been amended to include the thirty-six-month limitation. He fails to

state any basis to rebut the presumption against timeliness, as he makes no claim he was incompetent, admits the evidence is not newly discovered, makes his own assertion of innocence as the sole basis for relief, fails to advise what manner of new technology exists to test the evidence in question, and declines to make any argument for good cause in his delay to seek relief. Because Sawyer failed to rebut the presumption against timeliness under Arkansas Code Annotated section 16-112-202(10), the trial court could not have ordered DNA testing or any other scientific testing as Sawyer requested under Arkansas Code Annotated section 16-112-202. Accordingly, the trial court's denial of Sawyer's petition was not clearly erroneous.

Affirmed.

*Clint Sawyer*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.