Cite as 2025 Ark. 154

# SUPREME COURT OF ARKANSAS

No. CR–24–837

| | | |
|---|---|---|
| RICKY LEE SCOTT | | **Opinion Delivered:** October 16, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE CROSS COUNTY CIRCUIT COURT [NO. 19CR-96-61] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE E. DION WILSON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Ricky Lee Scott appeals from the denial of his petition for writ of habeas corpus filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 through –208 (Repl. 2016) as amended by Act 2250 of 2005. Scott also filed a motion for a default judgment because the State had not responded to his petition within twenty days. The trial court denied the habeas petition because the handwritten statements that Scott had sought for scientific testing under the statute had not been admitted into evidence at Scott's criminal trial and therefore had no bearing on his conviction.[1] The motion for default judgment was likewise denied by the trial court. We affirm.

---

[1]The State argues that this court does not have jurisdiction of this matter because Scott's motion for reconsideration was untimely in that it was not filed within ten days of entry of the order denying his habeas petition. However, Scott's motion for reconsideration is timely pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(a)(2) (2024), which is governed by Arkansas Rule of Criminal Procedure 33.3 (2024) pertaining to posttrial motions. *See McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385.

In March 1998, a Cross County jury convicted Scott of the first-degree murder of Robert Smith, and he was sentenced to life imprisonment. We affirmed. *Scott v. State*, 337 Ark. 320, 989 S.W.2d 891 (1999). The evidence at trial established that Smith and four other people were changing a tire at the home of the victim's aunt when Scott approached the group and began firing a gun. *Id.* Multiple witnesses identified Scott as the shooter. *Id.*

On appeal, Scott first asserts that the trial court erred when it denied his motion for a default judgment, asserting that he is entitled to a default judgment because the State did not file a response within twenty days as required by section 16-112-204(a). Scott is mistaken. Although there is a mandatory-response provision in Arkansas Code Annotated section 16-112-204(a), there is no provision for a default judgment as in Arkansas Rule of Civil Procedure 55. *Carter v. State*, 2010 Ark. 29 (per curiam). The trial court did not err when it denied Scott's motion for a default judgment.

Following his conviction and sentence, Scott filed a petition for writ of habeas corpus in 2007 pursuant to Act 1780 of 2001 and sought testing of the handwritten statements provided by three witnesses to show that the statements had been forged. *Scott v. State*, 372 Ark. 587, 279 S.W.3d 66 (2008). The petition was dismissed by the trial court and affirmed on appeal because it was not filed within thirty-six months, and Scott had not overcome the presumption against timeliness. *Id.* Scott's current arguments for scientific testing of handwriting fails for the same reasons stated in our aforementioned opinion. Furthermore, because Scott raised the same allegations now that were raised in the habeas petition filed in 2007, he has abused the writ. *Makkali v. State*, 2022 Ark. 24, 638 S.W.3d 280 (The same

allegations raised in a subsequent petition filed pursuant to section 16-112-201 constitute an abuse of the writ, and the petition is subject to dismissal.).

The trial court denied the petition because the handwritten statements were not introduced into evidence. Although the trial court based its decision to deny Scott's writ on a different rationale, we may look to the record to affirm for a different reason. *McArty v. McLaurin*, 2022 Ark. 104, 643 S.W.3d 777.

Affirmed.

Special Justice LEON HOLMES joins.

WOMACK, J., concurs without opinion.

WOOD, J., dissents.

BRONNI, J., not participating.


**RHONDA K. WOOD, Justice, dissenting.** We cannot conduct adequate appellate review without a complete record. Because the record here lacks the petition under review, I would either remand to supplement the record or dismiss the appeal.

On appeal, we must determine whether the circuit court correctly denied petitioner's motion for default judgment and his petition for performance of scientific testing. A denial of a motion for default judgment is not a final order for purposes of appeal.[1] That order is on review only because Scott included it with his appeal from the denial of his petition for

---

[1] *Assocs. Fin. Servs. Co. of Oklahoma v. Crawford Cnty. Mem'l Hosp. Inc.*, 297 Ark. 14, 15, 759 S.W.2d 210, 211 (1988).

scientific testing. But we cannot review the circuit court's decision to deny a petition without having that petition before us.

The absence of the petition could mean that Scott never filed it, though he claims he did so in 2011. Or if the petition was filed, it could have already been addressed, dismissed, and appealed, as the State partially seemed to argue at the hearing. The circuit court and the majority may be correct that the petition should be denied, but these decisions are speculative because the only hearing in the record involved was set for the motion for default judgment. The circuit court patiently allowed Scott to address his other concerns involving scientific testing. But the alleged petition for scientific testing was not before the court and it is far from clear if it was ever filed.

An incomplete record requires us to either dismiss the appeal[2] or remand to supplement the record with the 2011 petition and any subsequent orders.[3] Either way, I cannot join the majority's opinion affirming the circuit court's denial of the petition. For these reasons, I dissent.

*Ricky Lee Scott*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[2]*Schuldheisz v. Felts*, 2024 Ark. 137, at 4, 696 S.W.3d 817, 820 ("[I]t is an appellant's duty to present this court with a record sufficient to show that the circuit court erred below.").

[3]*See, e.g.*, *Ross v. State*, 2024 Ark. 70, at 1 (remanding to settle and supplement record with missing verdict forms).