Bruce Edward LEAKS *v.* STATE of Arkansas

CR 07-912                                             268 S.W.3d 866

Supreme Court of Arkansas
Opinion delivered November 29, 2007

Appellant, pro se.

No response.

Per Curiam. In 1997, appellant Bruce Edward Leaks was convicted by a jury of first-degree murder and sentenced as a habitual offender to 480 months' imprisonment. This court reversed the judgment of conviction from his first trial. *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). On retrial, he was again convicted of first-degree murder and a sentence of 540 months was imposed. We affirmed. *Leaks v. State*, 345 Ark. 182, 45 S.W.3d 363 (2001).

In 2007, appellant filed in the trial court a pro se "second, or successive petition — to, vacate and/or set-side judgment" pursuant to Act 1780 of 2001 as amended by Act 2250 of 2005 and codified as Ark. Code Ann. §§ 16-112-201—16-112-208 (Repl. 2006). The trial court denied the petition without a hearing, and appellant has lodged an appeal here from the order.

Now before us is appellant's pro se motion for a copy of the record at public expense and for extension of time to file his brief-in-chief. We need not consider the motion as it is apparent that appellant could not prevail in this appeal if it were permitted to go forward. Accordingly, we dismiss the appeal and hold the motion moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (per curiam).

Appellant was convicted of murdering William Earl Little-john during a heated argument. Evidence adduced at trial showed that he went to his brother's apartment, where the victim had been staying, to confront the victim about various issues. During the ensuing argument, appellant shot Littlejohn from approximately four feet away with a .38 revolver. The victim was able to reach a bedroom where appellant's nephew had been sleeping and iden-tified appellant as the shooter before he died. Appellant fled the scene of the crime and initially denied any involvement in the murder when questioned. However, appellant eventually gave the police a statement in which he admitted shooting the victim, but denied that he intended to kill the victim.

In his petition under the act, appellant asked for DNA testing, and for testing of "blood pattern splatter," "blood trace pattern" and "blood drops." Therein, he generally maintained that his innocence would be proven by these tests, and contended that his identity was at issue at trial.

Act 1780 provides that a writ of habeas corpus can issue based upon new scientific evidence proving a person actually innocent of the offense or offenses for which he or she was convicted. *See* Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006) and sections 16-112-201–208; *see also Echols v. State*, 350 Ark. 42, 84 S.W.3d 424 (2002) (per curiam) (decision under prior law). It is a requirement of the statute that the "identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged[.]" Section 16-112-202(7).

At trial, appellant's nephew testified as to the victim's identification of appellant, and appellant's confession was intro-duced into evidence. Although appellant did not testify in his own behalf, his defense was that the victim's murder was accidental rather than deliberate and premeditated, and that there was insuf-ficient evidence for the jury to find that appellant's mental state supported the charge of first-degree murder.

Appellant's petition failed to provide any cogent ex-planation that supported his claim that his identity was at issue, and the evidence introduced at trial left no doubt that appellant committed the crime. The trial transcript pages to which appellant referred in the petition did not contain any indication that some-one other than appellant could have committed the crime. Thus,

appellant failed to make a prima facie showing that his identity was at issue during either the investigation or prosecution of the criminal case.

Moreover, with regard to the requirement that the requested testing prove the petitioner's actual innocence, appellant failed to show that various tests of blood splatter patterns or blood drops would have proved that he was actually innocent of the crime. Instead, appellant made mere conclusory statements that he was innocent of the crime and that the testing would prove that he was innocent. Also, because appellant confessed to the crime, he cannot later claim actual innocence for the purpose of obtaining scientific testing.

As the arguments made by appellant did not present a proper basis for postconviction relief pursuant to Act 1780 with regard to actual innocence or identity, appellant could not be successful on appeal.

Appeal dismissed; motion moot.