SLIP OPINION

Cite as 2014 Ark. 242

# SUPREME COURT OF ARKANSAS

No. CR-12-347

| | | |
|---|---|---|
| DAVID FERRELL | | **Opinion Delivered**  May 22, 2014 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-94-103] |
| STATE OF ARKANSAS | | HONORABLE PHILLIP H. SHIRRON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**PER CURIAM**

In 1995, appellant David Ferrell was found guilty by a jury of capital murder and sentenced to life imprisonment without parole. We affirmed. *Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996). In 2010, appellant filed a pro se petition for writ of habeas corpus in the trial court pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). The trial court denied the petition, finding that appellant "identified no new scientific testing whatsoever." Appellant timely lodged an appeal, and we affirm the trial court's order.

On appeal, appellant contends that he is entitled to relief based on a number of allegations in support of his claims that he is entitled to DNA and blood-type testing, as well as ballistic testing, of items discovered during the investigation of the crime and introduced into evidence at trial. He alleges that he is entitled to DNA testing of blood stains discovered on the carpet in his bedroom; that, because neither DNA nor blood-type testing was conducted on the body of the victim or on the various items introduced into evidence at trial, he was convicted with "false

evidence;"[1] that evidence of blood traces on a ninja sword discovered during the investigation should not have been admitted into evidence when the State Crime Lab allegedly reported that it did not have the expertise to conduct further testing; that the failure to test rifles, which were the same model as the alleged murder weapon, was a miscarriage of justice; that both the State Crime Lab and the Bureau of Alcohol, Tobacco, and Firearms failed to get a "positive match" on the bullets, shell casings, and fragments introduced into evidence.[2] He also contends that a handwriting analysis should be done to prove the authenticity of a note written by a witness acknowledging the use of false evidence against appellant.[3]

To the extent that appellant is raising the argument on appeal that he was entitled to an evidentiary hearing, the argument is without merit. Arkansas Code Annotated section 16-112-205(a) provides that the trial court is not required to hold an evidentiary hearing if the petition, files, and records conclusively show that the petitioner is entitled to no relief. Because it is clear from the petition as well as the order denying relief that appellant failed to rebut the presumption against timeliness pursuant to Arkansas Code Annotated section 16-112-202(10)(B), we find no error in the trial court's order denying the requested relief without a hearing.

---

[1]In his petition, appellant argued that he was entitled to have the body of the victim exhumed for DNA testing.

[2]At trial, a firearms expert testified that he could conclusively match three of the shell casings found at the scene of the crime to appellant's SKS rifle. He further testified that, while he was unable to make a conclusive match of the bullet fragments, the bullets came from the same type of weapon as the SKS. *Ferrell*, 325 Ark. 455, 929 S.W.2d 697.

[3]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

SLIP OPINION

Act 1780 of 2001, as amended by Act 2250 of 2005, in effect on the date that appellant filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam); *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)). Before a circuit court can order testing under the statute, however, there are a number of predicate requirements that must be met. *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. § 16-112-202.

One of these predicate requirements is that the petition must be filed in a timely fashion. Ark. Code Ann. § 16-112-202(10). In 2005, the statute was amended to include a rebuttable presumption against timeliness for any petition filed more than thirty-six months after the entry of the judgment of conviction. *Id.* This presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B)(i)–(v).

In the instant case, appellant filed his petition in the trial court fifteen years after the judgment-and-commitment order had been entered of record and approximately five years after

SLIP OPINION

section 16-112-202 had been amended to include the 36-month limitation. He fails to state any basis to rebut the presumption against timeliness. While appellant refers to DNA, blood-type, and ballistic testing, he does not aver that such testing was not available at the time of trial. In fact, DNA evidence has been admissible in Arkansas since 1981. *Slocum v. State*, 2013 Ark. 406 (per curiam); *King*, 2013 Ark. 133. Because appellant fails to allege the existence of any new methods of technology available since his trial or to state any other ground for rebutting the presumption against timeliness, the circuit court could not have ordered DNA testing or any other scientific testing.

Additionally, appellant alleges a number of claims that are not cognizable in a petition for habeas corpus under Act 1780. He contends that he is entitled to relief based on allegations of ineffective assistance of counsel; a lack of evidence to find him guilty; a "prejudice outlook" by law enforcement investigating the crime; false testimony and evidence; prosecutorial misconduct based on the failure to disclose promises of leniency to State witnesses as well as evidence favorable to the defense; a prejudicial environment at trial; the State's withholding of evidence related to the alleged discovery of a second body; failure to "test" State witnesses; the erroneous introduction of tainted evidence; improper argument by the State at trial; bias of the trial judge; the trial court's failure to make written findings of fact and conclusions of law as to a number of motions and the erroneous denial of these motions; fraud by the circuit clerk's office; and failure of the circuit clerk to include all requested documents in the record. Petitions under the Act are limited to claims related to scientific testing of evidence. *Slocum*, 2013 Ark. 406; *King*, 2013 Ark. 133.

Because appellant failed to rebut the presumption against timeliness in Arkansas Code Annotated section 16-112-202(10), the trial court could not have ordered DNA testing or any other scientific testing as appellant requested. Additionally, none of the other claims raised by appellant were grounds for relief under Act 1780. Accordingly, the trial court's denial of appellant's petition was not clearly erroneous.

Affirmed.

*David Ferrell*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.