SLIP OPINION


# SUPREME COURT OF ARKANSAS
No. CR–15–875

| | | |
|---|---|---|
| ANDROUS HALL | PETITIONER | **Opinion Delivered** January 7, 2016 |
| V. | | PRO SE MOTION FOR BELATED APPEAL OF DEEMED-DENIED ORDER [PHILLIPS COUNTY CIRCUIT COURT, NO. 54CR-96-271] |
| STATE OF ARKANSAS | RESPONDENT | HONORABLE L.T. SIMES II, JUDGE |
| | | MOTION DISMISSED. |

**PER CURIAM**

In 1997, a Phillips County jury found petitioner Androus Hall guilty of aggravated robbery, first-degree battery, and attempted rape. The judgment reflects that an aggregate sentence of 576 months' imprisonment in the Arkansas Department of Correction was imposed. On November 10, 2014, Hall filed in the trial court a petition for writ of habeas corpus under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). On October 27, 2015, Hall filed a pro se motion in this court in which he asserts that the Act 1780 petition was deemed denied and seeks to proceed with a belated appeal of the order denying the petition.

This court has held that the deemed-denied provision of our appellate rules does not apply in habeas proceedings. *Hooper v. Hobbs*, 2013 Ark. 31 (per curiam). Although Act 1780 sets a number of other deadlines, there is nothing in the Act concerning a required time in which the court must provide its order on a petition.

Hall's argument appears to be based on an allegation that he tendered a timely notice of appeal that was not accepted for filing. He seems to contend that, because he tendered the notice of appeal within the required time frame for a deemed-denied order, the order should therefore be construed to have been deemed denied.

The same considerations that apply to other postconviction proceedings, as were noted in this court's opinion in *Hooper,* apply to the present case. Hall's Act 1780 petition was not deemed denied, and the matter remains one for resolution in the circuit court. The motion to proceed with a belated appeal is therefore dismissed.

Motion dismissed.