SLIP OPINION

Cite as 2016 Ark. 258

# SUPREME COURT OF ARKANSAS

**No.** CR–16–349

| | | |
|---|---|---|
| JOHNNIE L. HILL | | **Opinion Delivered** June 9, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS TO BE PROVIDED WITH A COPY OF THE RECORD, TO ENTER SUPPLEMENTAL EXHIBIT, AND FOR EXTENSION OF TIME [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-82-1105] |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

Appellant Johnnie L. Hill lodged in this court an appeal of the dismissal by the trial court of his pro se petition for writ of habeas corpus under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16–112–201 to –208 (Repl. 2006). The petition challenged Hill's 1984 conviction on two counts of rape, two counts of aggravated robbery, and two counts of kidnapping.[1] Hill filed a motion in which he requests that he be provided with a copy of the record on appeal, a

---

[1]The judgment reflects that Hill received an aggregate sentence of 136 years' imprisonment in the Arkansas Department of Correction. This court affirmed the judgment on appeal. *Hill v. State*, 285 Ark. 77, 685 S.W.2d 495 (1985) (overruled to the extent necessary to clarify the applicable standard of review concerning the voluntariness of a confession by *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003)).

SLIP OPINION

separate motion in which he seeks to supplement his previous motion with the addition of an exhibit, and a motion seeking an extension of time to file his brief. We need not consider the motions because we dismiss the appeal. The motions are therefore moot.

An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward where it is clear that the appellant could not prevail. *Hutcherson v. State*, 2013 Ark. 104 (per curiam). It is clear that Hill cannot prevail because his petition failed to establish that the trial court had authority to address the petition under Act 1780 or present a meritorious claim under the Act.

Act 1780 provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *Ferrell v. State*, 2014 Ark. 242 (per curiam). Under the statute, when a petitioner fails to provide factual support for the claim that there is scientific evidence that bears on his case, he has failed to demonstrate that he is entitled to relief. *Sawyer v. State*, 2015 Ark. 369 (per curiam). Arkansas Code Annotated section 16-112-202 requires that a petitioner who requests relief and who seeks scientific testing to provide the basis for his relief must identify evidence for testing that meets specific criteria set out in the statute. *Clemons v. State*, 2014 Ark. 454, 446 S.W.3d 619 (per curiam). If the petitioner does not state the specific scientific evidence to be tested, then his petition is wholly without merit under the statute. *Darrough v. State*, 2014 Ark. 334, 439 S.W.3d 50 (per curiam).

In the Act 1780 petition, Hill asserted generally that there was scientific evidence available to show his actual innocence, but he did not identify any newly discovered

evidence that he wished to have tested, and he did not request that any specific evidence, known or otherwise, be tested. He referenced what he alleged was withheld evidence, in that he contended a witness statement was withheld by the prosecution, but he did not point to any particular physical evidence to be tested, withheld or otherwise. Hill raised numerous claims of prosecutorial misconduct, trial error, and ineffective assistance of counsel in his petition that, despite his bare assertion to the contrary, were unrelated to any request for testing. Petitions under the Act are limited to those claims related to scientific testing of evidence. *Lewis v. State*, 2015 Ark. 213 (per curiam). The Act does not provide an opportunity for the petitioner to raise issues outside the purview of the Act, and a petition under the Act does not serve as a substitute for the pursuit of other remedies. *Id.*

Moreover, with the amendments under Act 2250, there are a number of other predicate requirements that must be met before a court can order testing under the Act. *See Ferrell*, 2014 Ark. 242. One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B). Hill filed his petition under the Act in the trial court in 2016, more than thirty years after the judgment had been entered. Under section 16-112-202(10)(B), appellant was therefore required to rebut a presumption against timeliness.

The presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would

result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B); *Ferrell*, 2014 Ark. 242. The trial court correctly found that Hill failed to make the required showing.

Hill referenced new equipment and procedures concerning fingerprint identification that he asserted were not previously available, but he failed to demonstrate that any new method of technology exists that is substantially more probative than was the testing available at the time of the conviction. Because he identified no fingerprints available as evidence, no theory of defense based on that evidence, and failed to explain how the advances identified might provide a different outcome in this case from those methods previously used for testing, he did not demonstrate that any testing utilizing these new procedures would have been more probative than the procedures that were available at the time of trial. *See Clemons*, 2014 Ark. 454, 446 S.W.3d 619 (holding that a petitioner must have shown in his petition that the requested testing could provide new material evidence that would raise a reasonable probability that the petitioner did not commit the offense and that any new testing methods were substantially more probative that the prior testing available). Hill therefore cannot demonstrate clear error in the trial court's decision to dismiss the petition, and he cannot prevail on appeal. *See id.* (holding that the generally applicable standard of review of an order denying postconviction relief dictates that this court does not reverse unless the trial court's findings are clearly erroneous).

Appeal dismissed; motions moot.