

# SUPREME COURT OF ARKANSAS

**No.** CR-16-687

| | | |
|---|---|---|
| JOSEPH M. BIENEMY | | **Opinion Delivered:** December 1, 2016 |
| | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO SUBMIT APPEAL BRIEF AND WAIVE ADDENDUM REQUIREMENT OR, ALTERNATIVELY, ORDER THE APPELLEE TO SUBMIT SUPPLEMENTAL ADDENDUM [WHITE COUNTY CIRCUIT COURT, NO. 73CR-07-211] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE ROBERT EDWARDS, JUDGE |
| | | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

## PER CURIAM

Appellant Joseph M. Bienemy was convicted of capital murder, as an accomplice, for the death of Carlos Deadmon, and this court affirmed the judgment. *Bienemy v. State*, 374 Ark. 232, 287 S.W.3d 551 (2008). In 2008, Bienemy filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015) and, on the same day, he filed a petition for scientific testing under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). The trial court denied the Rule 37.1 petition, addressing some issues that were related to those raised in the Act 1780 petition, and this court affirmed. *Bienemy v. State*, 2011 Ark. 320 (per curiam). In 2016, Bienemy filed in

the trial court a second petition seeking scientific testing under Act 1780, and that petition was denied. Bienemy lodged an appeal of the order in this court, and he has filed a motion in which he seeks an extension of time to file his brief. Bienemy also seeks either the waiver of the requirement that his brief include an addendum or an order from this court directing the State to supplement the addendum. We need not consider Bienemy's requests made in the motion because we dismiss the appeal. The motion is therefore moot.

An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward where it is clear that the appellant could not prevail. *Hill v. State*, 2016 Ark. 258, 493 S.W.3d 754 (per curiam). Because Bienemy failed to state a basis on which the trial court could have ordered scientific testing under the statutes, he cannot prevail on appeal.

Act 1780 provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *Pankau v. State*, 2013 Ark. 162. A circuit court can order testing under the Act when the proposed testing of the specific evidence may produce new material evidence that would support the theory of defense and raise a reasonable probability that the petitioner did not commit the offense. *Pankau*, 2013 Ark. 162. Where the scientific evidence was available at trial, the facts underlying the claim, if proven and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would find the petitioner guilty of the underlying offense. Ark. Code Ann. § 16-112-201(a).

SLIP OPINION

Bienemy listed a number of items he wished to have tested. He indicated these items had been found at the crime scene, were referenced at trial, and had been tagged as evidence by the police. These items included bullet fragments from the crime scene, bullet fragments from the victim's body, and shell casings found at the scene of the murder. Bienemy contends that testing these items, specifically DNA testing and fingerprint analysis, would produce evidence that would demonstrate that individuals other than Bienemy had been present at the crime scene. The trial court found that Bienemy's petition was not timely; that he did not allege any new method of technology that was substantially more probative than that which was available at the time of his trial; that, if the testing showed that other persons were present, those results would not offer clear and convincing evidence to show Bienemy was not guilty of the crime; and that the presence of other individuals at the crime scene did not support a finding of innocence.

Our standard of review for the denial of testing under Act 1780 requires that we will not reverse a circuit court's decision to deny relief unless it is clearly erroneous. *Pankau*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

With the amendments under Act 2250, there are a number of predicate requirements that must be met before a court can order testing under the Act. *Hill*, 2016 Ark. 258, 493 S.W.3d 754. One of these predicate requirements is that those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction must rebut a presumption against timeliness. Ark. Code Ann. § 16-112-202(10)(B). Bienemy

attempted to rebut that presumption, and he requested that his later petition be treated as a supplement to the earlier petition in order to satisfy this timeliness requirement. Bienemy, however, failed to satisfy other requirements under section 16-112-202 in either of his Act 1780 petitions, regardless of whether he satisfied the requirements under the statute concerning timeliness.

Under section 16-112-202, the petition must identify specific evidence for testing that was secured as a result of petitioner's conviction; the evidence must have been maintained subject to a chain of custody; and the petitioner must identify a theory of defense, not inconsistent with any affirmative defense presented at trial, based on the new evidence that the requested testing would provide, and which would establish petitioner's actual innocence. Ark. Code Ann. § 16-112-202(1),(4),(6); *Clemons v. State*, 2014 Ark. 454, 446 S.W.3d 619 (per curiam). In addition, the specific evidence to be tested cannot have been previously subject to the same testing, and the petitioner who seeks testing must not have knowingly waived the right to test the evidence or failed to request testing in a prior motion for postconviction testing. Ark. Code Ann. § 16-112-202(2). The proposed testing must produce new material evidence that would support the theory of defense presented at trial and raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8); *Davis v. State*, 2011 Ark. 191 (per curiam). Bienemy failed to identify evidence that would satisfy the criteria in the statute because the potential results would not support the theory of defense he relies on in a way to establish his innocence or raise a reasonable probability that Bienemy did not commit the offense.

SLIP OPINION

We described the evidence at trial in our opinion on Bienemy's direct appeal. *See Bienemy*, 374 Ark. 232, 287 S.W.3d 551. A brief summary of the evidence is helpful in determining whether the trial court was clearly erroneous in finding that Bienemy failed to demonstrate that the testing requested could produce evidence sufficient to raise a reasonable probability that Bienemy did not commit the offense.

As noted, Bienemy was convicted as an accomplice to Deadmon's murder. Deadmon's girlfriend testified that she saw someone exit a gray Jeep and shoot Deadmon after Deadmon had gotten into his own car to leave his apartment complex. Other witnesses also placed a gray Jeep at the scene. The morning before Deadmon's murder, Bienemy had rented a gray Jeep matching the description of the vehicle that the witnesses had seen. Although Bienemy told the police that he had left town the afternoon before the murder occurred and that he was in New Orleans at the time that Deadmon was shot, Bienemy was seen on surveillance footage from a gas station exiting the rented Jeep to pay for gas on the morning that Deadmon was shot. Bienemy's DNA was matched to DNA from the plastic tip of a partially smoked cigar found at the scene. There was testimony about a dispute between Bienemy and the victim. Darian Williams, who lived at the apartment complex where the murder occurred, testified that Bienemy had instructed him to call if he saw Deadmon, that Bienemy had called Williams the evening before the murder saying that he was in the apartment complex's parking lot, that Williams had seen a gray Jeep in the apartment complex's parking lot the evening before the murder, that the same gray Jeep was in the same spot the next morning, and that Williams had seen Bienemy in another apartment on the morning of Deadmon's murder.

We have previously discussed whether evidence of another person present at the crime scene could constitute material evidence favorable to Bienemy. *See Bienemy v. State*, 2016 Ark. 312, ___ S.W.3d ___ (per curiam). In that case, Bienemy alleged a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), as the basis for issuance of a writ of error coram nobis, and he alleged that the State had withheld evidence in the form of DNA test reports that connected Shedric Williams to DNA recovered from the crime scene. As we determined in that case, evidence connecting another person to the crime scene would not exonerate Bienemy. Bienemy was charged as an accomplice rather than the shooter. The results of additional tests would not change the DNA test results that directly linked Bienemy to the crime scene or alter the strong circumstantial evidence that connected Bienemy to the Jeep involved in the murder and that established Bienemy's motive and his actions in lying to the police concerning his whereabouts at the time of the murder. It therefore follows that the trial court was not clearly erroneous in finding that the proposed testing to determine whether there was evidence of other individuals at the crime scene did not meet the requirements of the statute, and Bienemy therefore cannot prevail on appeal.

Appeal dismissed; motion moot.