SLIP OPINION

Cite as 2017 Ark. 77

# SUPREME COURT OF ARKANSAS.

No. CR-16-974

| | | |
|---|---|---|
| ANDROUS HALL | | **Opinion Delivered** March 2, 2017 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION |
| V. | | OF TIME TO FILE BRIEF |
| | | [PHILLIPS COUNTY CIRCUIT |
| | | COURT, NO. 54CR-96-271] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHALK MITCHELL, |
| | | JUDGE |
| | | |
| | | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 1997, a Phillips County jury found appellant Androus Hall guilty of aggravated robbery, first-degree battery, and attempted rape. The judgment reflects that an aggregate sentence of 576 months' imprisonment in the Arkansas Department of Correction was imposed. The Arkansas Court of Appeals affirmed. *Hall v. State*, CR-97-1344 (Ark. App. Nov. 18, 1998) (unpublished).

On November 10, 2014, Hall filed in the trial court where he had been convicted a petition for a writ of habeas corpus under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16–112–201 to – 208 (Repl. 2006). On October 27, 2015, Hall filed a pro se motion in this court in which he asserted that his petition had been deemed denied and he sought to proceed with a belated appeal of the order denying the petition. We dismissed the motion, finding that Hall's Act 1780 petition had not been deemed denied and that the petition should be resolved by the

SLIP OPINION

trial court. *Hall v. State*, 2016 Ark. 6, at 1 (per curiam). On July 26, 2016, the trial court denied the petition as being untimely and otherwise without merit. Hall filed a timely notice of appeal, and the record was lodged in this court on November 1, 2016.

Pending before this court is Hall's motion for an extension of time to file his brief. We need not consider the motion for an extension of time to file the brief because there is clearly no merit to the appeal. An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward where it is clear that the appellant could not prevail. *Hill v. State*, 2016 Ark. 258, at 2, 493 S.W.3d 754, 755 (per curiam). Because a review of the habeas petition and the pertinent records related to Hall's convictions conclusively demonstrate that he could not prevail, we dismiss the appeal, and the motion seeking an extension to file a brief is therefore moot.

In his habeas petition, Hall alleged that, at the time of his conviction, the Arkansas State Crime Laboratory did not possess "a scanning electron microscope." Hall further alleged that evidence collected in his criminal trial that was either submitted to the crime lab or not submitted to the lab should be retested by use of that microscope to discover hair, skin, and trace DNA evidence. Finally, Hall also attached to his petition a "motion" and exhibits to the motion. In the motion, Hall alleged that evidence referenced in "Exhibit A" should be retested. Exhibit A consisted of a partial transcript of defense counsel's closing arguments that referenced blood and other specific items examined by the crime lab that had not connected Hall to the crime.

SLIP OPINION

Act 1780, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); Ark. Code Ann. § 16-112-201; *Girley v. Hobbs*, 2014 Ark. 325, at 1–2, 445 S.W.3d 494, 495, (per curiam). There are a number of predicate requirements that must be met under Act 1780 before a trial court can order that testing be done. *See* Ark. Code Ann. §§ 16-112-201 to -203; *Davis v. State*, 366 Ark. 401, 403, 235 S.W.3d 902, 904 (2006) (per curiam).

Moreover, with the amendments under Act 2250, there are a number of other predicate requirements that must be met before a court can order testing under the Act. One of these predicate requirements applies to those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction. Ark. Code Ann. § 16-112-202(10)(B); *Hill*, 2016 Ark. 258, at 2, 493 S.W.3d at 755. Hall filed his petition under the Act in the trial court in 2014, seventeen years after his 1997 conviction, and nine years after Act 1780 was amended in 2005. Under section 16-112-202(10)(B), Hall was therefore required to rebut a presumption against timeliness. The presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the motion is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) other good cause. Ark. Code Ann. § 16-112-202(10)(B); *Hill*, 2016 Ark. 258, at 3–4, 493 S.W.3d at 756.

SLIP OPINION

A review of the trial record demonstrates that no fingerprint evidence was collected from the crime scene because the victim had indicated that her assailant had worn gloves. Investigators testified that blood and hair were collected from the scene and that the hair collected appeared to match the victim's hair. Moreover, there was no evidence introduced at trial demonstrating that the blood collected from the crime scene was from a source other than the victim who had sustained multiple knife wounds in the assault. Investigators further testified that there were only three items submitted to the crime lab for testing, which included a length of plastic wrap, the box that contained the plastic wrap, and a plastic bag that the assailant had placed over the victim's head. Hair recovered from the plastic bag was determined to be the victim's hair, otherwise the crime lab found nothing on these items that connected Hall with the crimes. There was no indication that any other trace evidence was found or recovered from these items and retained by the State. The evidence supporting Hall's conviction was the testimony of the victim who positively identified Hall as the assailant. The jury was aware at the time of Hall's conviction that no fingerprint or other trace evidence had been discovered to connect him with the crimes.

In his petition, Hall referenced an electron microscope that he alleged was not in the possession of the crime lab at the time of his trial. However, he failed to provide sufficient factual substantiation for this allegation that the microscope was not available. In any event, even assuming that this microscope was not available at the time of his trial, Hall failed to establish that this technology would have been substantially more probative than the testing available at his trial. Ark. Code Ann. § 16-112-202(3); *Hill*, 2016 Ark. 258, at 4, 493 S.W.3d at 756–57. Secondly, Act 1780 authorizes testing of items shown to have been

SLIP OPINION

secured, tested, and maintained by the crime lab. Ark. Code Ann. § 16-112-202(1)(4); *Hill*, 2016 Ark. 258, at 4, 493 S.W.3d at 756–57. Based on the trial record, Hall failed to demonstrate that such items are even available for further testing in that there was no demonstration that fingerprints or any trace evidence had been found on the plastic-wrap box or other items collected from the crime scene, other than the victim's own hair and blood. In sum, Hall did not demonstrate that the proposed testing would provide new material evidence that would have supported his defense and would have raised a reasonable probability that Hall did not commit the offenses. Ark. Code Ann. § 16-112-202(8)(A)–(B); *Hall*, 2013 Ark. 516, at 3–4.

Dismissal of the petition was also proper because it was not timely filed, and Hall did not rebut the presumption against timeliness by establishing his incompetence, the existence of newly discovered evidence, or that the denial of his petition would result in a manifest injustice. *Douthitt*, 366 Ark. at 581, 237 S.W.3d at 78. Moreover, it is clear that the petition was based solely on Hall's own assertion of his innocence, and, as stated above, he failed to show that a new technology has become available that is substantially more probative than the testing that was available at the time of his trial. *Id.* Hall provided no other good cause as a basis to rebut the timeliness presumption. Ark. Code Ann. § 16-112-202(10)(B). The trial court did not clearly err when it determined that Hall's petition was untimely and not meritorious. *Cooper v. State*, 2013 Ark. 180, at 2 (per curiam) (The applicable standard for review of an order denying postconviction relief dictates that this court does not reverse the order unless the trial court's findings are clearly erroneous.).

Appeal dismissed; motion moot.