SLIP OPINION

Cite as 2017 Ark. 88

# SUPREME COURT OF ARKANSAS.
No. CR-16-1069

| | |
|---|---|
| TIMOTHY ALLEN WELLS | **Opinion Delivered** March 9, 2017 |
| APPELLANT | |
| | PRO SE MOTION FOR EXTENSION |
| V. | OF TIME TO FILE COMPLETE |
| | RECORD ON APPEAL |
| STATE OF ARKANSAS | [HOT SPRING COUNTY CIRCUIT |
| | COURT, NO. 30CR-10-41] |
| APPELLEE | |
| | APPEAL DISMISSED; MOTION |
| | MOOT. |

**PER CURIAM**

In 2011, appellant Timothy Allen Wells was found guilty by a Hot Spring County jury of criminal–attempt first-degree murder and two counts of committing a terroristic act. He was sentenced as a habitual offender to 540 months' imprisonment for the criminal-attempt first-degree murder and 300 months' imprisonment on each count of committing a terroristic act along with a 144-month enhancement on each count for the commission of a felony using a firearm. The sentences were ordered to run consecutively for an aggregate sentence of 1572 months' imprisonment. The Arkansas Court of Appeals affirmed his convictions and sentences. *Wells v. State*, 2012 Ark. App. 596, 424 S.W.3d 378.

In 2013, Wells filed in the trial court a petition seeking scientific testing under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112–201 to -208 (Repl. 2006). On March 7, 2016, Wells

filed an amended Act 1780 petition.[1] Wells was denied relief, and he lodged an appeal of the order to this court. Wells has filed a pro se motion for an extension of time to file a complete record on appeal. We need not consider Wells's motion because we dismiss the appeal. The motion is therefore moot.

An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward where it is clear that the appellant could not prevail. *Hill v. State*, 2016 Ark. 258, 493 S.W.3d 754 (per curiam). Because Wells failed to state a basis on which the trial court could have ordered scientific testing under the statutes, he cannot prevail on appeal.

Act 1780 provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *Pankau v. State*, 2013 Ark. 162. A trial court can order testing under the Act when the proposed testing of the specific evidence may produce new material evidence that would support the theory of defense and raise a reasonable probability that the petitioner did not commit the offense. *Pankau*, 2013 Ark. 162. Where the scientific evidence was available at trial, the facts underlying the claim, if proven and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence

---

[1] Although it appears that Wells neglected to state that his claims were made under penalty of perjury or to include proper verification as required by statute in his petitions, we need not address the issue in this appeal. The petitions were notarized, and this has been held sufficient under the circumstances for an Act 1780 petition. *Edwards v. State*, 2014 Ark. 185 (per curiam).

SLIP OPINION

that no reasonable fact-finder would find the petitioner guilty of the underlying offense. Ark. Code Ann. § 16–112–201(a).

Wells specifically requested as relief that a pair of Nike Shox that "were never sent to the state crime lab[,]" be tested to prove he never wore or touched them. He requested that a "2250 be performed" to prove his innocence through DNA testing. Wells also noted that his confession "only says mexican" and "that alon[e] is not anuff [sic][,]" particularly in light of the fact that the victim stated he could not give a description of the person who did the shooting.

Our standard of review for the denial of testing under Act 1780 requires that we will not reverse a trial court's decision to deny relief unless it is clearly erroneous. *Pankau*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

The trial court's order denying the Act 1780 relief noted that the amended petition was not timely because the original petition was not served on the prosecutor or the court, and the amended petition was also not served. The trial court further found that there was no new scientific testing that was not available at the time of trial or that has since developed that would entitle Wells to relief.

With the amendments under Act 2250, there are a number of predicate requirements that must be met before a court can order testing under the Act. *Hill*, 2016 Ark. 258, 493 S.W.3d 754. One of these predicate requirements is that those petitioners who file a motion for testing more than thirty-six months after the entry of the judgment of conviction must

SLIP OPINION

rebut a presumption against timeliness. Ark. Code Ann. § 16-112-202(10)(B). Notwithstanding the alleged lack of service and regardless of whether either petition was timely, Wells failed to satisfy the other requirements under section 16-112-202 in either of his Act 1780 petitions to warrant relief.

Under section 16-112-202, the petition must identify specific evidence for testing that was secured as a result of petitioner's conviction; the evidence must have been maintained subject to a chain of custody; the petitioner must identify a theory of defense, not inconsistent with any affirmative defense presented at trial, based on the new evidence; and the identity of the perpetrator was at issue during the investigation or prosecution of the offense. Ark. Code Ann. § 16-112-202(1), (4),(6),(7); *Clemons v. State*, 2014 Ark. 454, 446 S.W.3d 619 (per curiam). In addition, the specific evidence to be tested cannot have been previously subject to the same testing, and the petitioner who seeks testing must not have knowingly waived the right to test the evidence or failed to request testing in a prior motion for postconviction testing. Ark. Code Ann. § 16-112-202(2). The proposed testing must produce new material evidence that would support the theory of defense presented at trial and raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8); *Davis v. State*, 2011 Ark. 191 (per curiam).

The court of appeals described the evidence at trial in its opinion on Wells's direct appeal. *See Wells*, 2012 Ark. App. 596, 424 S.W.3d. 378. A brief summary of the evidence is helpful in determining whether the trial court was clearly erroneous in denying Wells's request for relief.

Gustavo Cervantes Rodriguez testified that at approximately 3:00 a.m. on February 12, 2010, he opened the door to his trailer in Malvern after a knock on the door. Wells, who was at the door, fired three shots. A distinctive shoe print—as to the tread pattern and that it had four circles on the heel impression—was left in the snow at the corner of the Rodriguezes' trailer. David Hughes, Wells's friend, wore a pair of Wells's shoes when he went to a police interview after the shooting. Wells's shoes, as worn by Hughes, appeared to match the shoe print found in the snow at the Rodriguez residence. Wells's confession was read during the trial.

> As far as the Mexican dude, I did that deal. I lost my mind. I didn't even know that dude. I woke up the next day and I was like, what did I do. A judge just won't understand. It was cold that day and I was walking and I got cold. I walked up to the door, knocked on it, the Mexican dude opened the door, and I shot. I shot for no reason, because I was on that rampage. I don't remember how many times I shot. I'm glad they stopped me, I need some help.

*Wells*, 2012 Ark. App. 596, at 5, 424 S.W.3d at 383.

The only element Wells has satisfied here is that he identified the evidence for testing, —the Nike Shox. During a hearing on the Act 1780 petition, Wells stated that he never touched the shoes and that testing of the shoes would establish his actual innocence. Moreover, Wells admitted during the hearing that his counsel did not request any testing on the shoes at the time of trial and that he did not believe it was fair that his attorney should have been required to ask for testing on the shoes. Wells failed to satisfy the criteria in the statute because his identity was not in question and the potential results would not support the theory of defense he relies on in a way to establish his innocence or raise a reasonable probability that he did not commit the offense.

5

At trial, Wells's theory of the case was to argue that he did not intend to shoot the victim because he did not know the victim personally, but rather, that he simply shot at anyone who opened the door to the trailer. *Wells*, 2012 Ark. App. 596, at 7, 424 S.W.3d at 384. The jury inferred that Wells purposely engaged in conduct that constituted a substantial step in a course of conduct known to cause death to another person, regardless of that person's identity. *Wells*, 2012 Ark. App. 596, at 8, 424 S.W.3d at 385. A request for DNA testing raised now to assert a claim of actual innocence would not produce new material evidence that would support Wells's theory of defense presented at trial, nor would it raise a reasonable probability that he did not commit the offense, particularly in light of his confession to the contrary. *See Leaks v. State*, 371 Ark. 581, 583–84, 268 S.W.3d 866, 867 (2007) (per curiam) (Appellant failed to make a prima facie showing that his identity was at issue during the investigation or prosecution of the criminal case when his confession was admitted into evidence at trial and his defense theory was that the victim's murder was accidental.). It therefore follows that the trial court was not clearly erroneous in finding that Wells was not entitled to Act 1780 relief, and Wells cannot now prevail on appeal.

Appeal dismissed; motion moot.