# SUPREME COURT OF ARKANSAS.
**No.** CR-16-961

| | | |
|---|---|---|
| DON EARL LEWIS | | **Opinion Delivered** April 20, 2017 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE MILLER |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 46CR-12-302] |
| STATE OF ARKANSAS | | |
| | | HONORABLE KIRK D. JOHNSON, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Don Earl Lewis entered a plea of nolo contendere to second-degree sexual assault and was sentenced to 180 months' imprisonment. On August 2, 2016, Lewis filed in the trial court a pro se petition for scientific testing of evidence under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). The trial court denied the petition, and Lewis brings this appeal.

Act 1780 provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he or she was convicted. Ark. Code Ann. § 16-112-201; *Pankau v. State*, 2013 Ark. 162. A trial court can order testing under the Act when the proposed testing of the specific evidence may produce new material evidence that would support the theory of defense and raise a reasonable probability that the petitioner did not commit the offense. *Pankau*, 2013 Ark. 162. When the scientific evidence was available at trial, the facts underlying the claim, if

proven and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would find the petitioner guilty of the underlying offense. Ark. Code Ann. § 16-112-201(a).

We do not reverse a trial court's decision to deny a petition under Act 1780 unless it is clearly erroneous. *Pankau*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

With the amendments under Act 2250, there are a number of predicate requirements that must be met before a court can order testing under the Act. *Hill v. State*, 2016 Ark. 258, 493 S.W.3d 754 (per curiam). One of these predicate requirements is that those petitioners who file a petition for testing more than thirty-six months after the entry of the judgment of conviction must rebut the presumption that the petition is untimely. Ark. Code Ann. § 16-112-202(10)(B). Lewis filed his petition approximately forty-one months after the judgment in his case had been entered. Holding that Lewis did not offer facts to rebut the presumption, the trial court declared that the petition was untimely filed.

Lewis argues in this appeal that the petition was not untimely because he had filed a civil rights action in 2012 in the United States District Court for the Western District of Arkansas pursuant to 42 U.S.C. § 1983 (2006) in which he argued that DNA taken from him was illegally obtained. He appears to allege that the filing of the federal court pleading justified the delay in the filing of the Act 1780 petition in the trial court, contending that

the federal court proceeding amounted to "special circumstances" that involved the "constitutionality of a state law."

Because Lewis filed his petition under the Act in the trial court more than thirty-six months after the judgment had been entered, it was his burden under section 16–112–202(10)(B) to rebut the presumption against timeliness. *See Hill v. State*, 2012 Ark. 309 (per curiam). The presumption against timeliness may be rebutted by showing (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that the evidence to be tested is newly discovered; (3) that the petition is not based solely upon the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; (4) that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or (5) for other good cause. Ark. Code Ann. § 16-112-202(10)(B); *Hill*, 2016 Ark. 258, at 3–4, 493 S.W.3d at 756. If it is Lewis's contention that the filing of the federal pleading in 2012 excused his failure to file his Act 1780 petition within the thirty-six-month window allowed by the Act, he offers no precedent for that claim or any other basis for the claim. The trial court did not clearly err in its ruling that the petition was untimely filed.

Lewis also argues that the trial court erred in its ruling that his petition did not state a ground for relief under the Act. Lewis asserted in his petition that his Fourth Amendment rights were violated because his DNA was obtained by the police in an unreasonable search in that the DNA was collected without a warrant. Lewis states in his petition that he was originally arrested for felony offenses—two counts of rape. Arkansas Code Annotated section 12-12-1006(2) (Supp. 2011) provides that a DNA sample will be taken immediately

following an arrest for any felony. When Lewis argued in his pleading filed in the United States District Court that the taking of the DNA sample from him violated section 12-12-1006(2) on the ground that the sample was not taken until sixteen days after his arrest, the district court agreed that the search violated the Fourth Amendment. *Lewis v. Brazell*, Civil No. 4:12-CV-04100, 2015 WL 5684142, at 6 (W.D. Ark. Sept. 28, 2015). That federal court decision, however, did not constitute a showing that Lewis had established a ground for relief under Act 1780 in state court.

We find that the trial court correctly held in its order denying Lewis's Act 1780 petition that, regardless of the legality of the DNA collection in his case, Lewis had failed to demonstrate a ground for relief under the Act. Lewis did not allege that there was any scientific evidence not available at his trial that establishes his actual innocence, and he did not ask for testing of any evidence. As stated, Arkansas Code Annotated section 16–112–201(a)(1) provides that a petitioner must show that there exists scientific evidence not available at trial that establishes his actual innocence. *Barton v. State*, 2014 Ark. 418, at 2–3 (per curiam). When a petitioner under the statute fails to provide factual support for the claim that there is scientific evidence that bears on his or her case, the petitioner has failed to demonstrate that he or she is entitled to relief. *Darrough v. State*, 2014 Ark. 334, 439 S.W.3d 50 (per curiam).

Moreover, Lewis's assertion concerning the taking of the DNA sample was a claim of a constitutional violation that did not fit within the purview of the Act. An assertion of a constitutional violation is a claim to be settled in the trial court. *See Winnett v. State*, 2013 Ark. 482 (per curiam) (Petitioner's allegations that he was arrested without a warrant, that

4

the affidavit of probable cause in his case was invalid, and that he was not informed of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were not grounds for relief under the Act.). Lewis's plea of nolo contendere is treated as an admission of guilt just as is a plea of guilty. *Henry v. State*, 2017 Ark. 28 (per curiam); *see also Ashby v. State*, 297 Ark. 315, 761 S.W.2d 912 (1988). The plea of nolo contendere to a charge in a criminal case is an admission of guilt in the criminal case. *Seaton v. State*, 324 Ark. 236, 237, 920 S.W.2d 13, 14 (1996) (per curiam) (holding that procedural rules governing pleas of guilty and nolo contendere make no distinction between the pleas for the purposes of seeking postconviction relief). By pleading guilty, Lewis waived any claim that he was not guilty of the charges. *Engstrom v. State*, 2016 Ark. 45, 481 S.W.3d 435 (per curiam). Even allegations of error of constitutional dimension are not grounds for a collateral attack on a judgment of conviction entered on a plea of guilty. *Winnett v. State*, 2015 Ark. 134, at 3, 458 S.W.3d 730, 732 (per curiam). The mere fact that Lewis's petition under Act 1780 was primarily based on the claim that DNA evidence may have been collected improperly in his case does not change the fact that the claim could have been raised, and settled, at trial had Lewis not elected to enter his plea. The fact that Lewis's claims pertained to DNA evidence does not render the assertion any different from a claim that a petitioner was not advised of his or her *Miranda* rights or that the evidence was insufficient to sustain the judgment. Lewis did not state a ground for relief under the Act, and the trial court did not err in declining to grant his petition.

Affirmed.
*Don Earl Lewis*, pro se appellant.
*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.