SLIP OPINION

Cite as 2017 Ark. 208

# SUPREME COURT OF ARKANSAS

No. CR–17–248

| | |
|---|---|
| CALVIN LEE MARSHALL<br><div align="right">PETITIONER</div> | **Opinion Delivered** JUNE 1, 2017<br><br>PRO SE MOTION FOR BELATED APPEAL [PHILLIPS COUNTY CIRCUIT COURT, NO. 54CR-91-306] |
| V.<br><br>STATE OF ARKANSAS<br><div align="right">RESPONDENT</div> | HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>MOTION TREATED AS MOTION FOR RULE ON CLERK AND DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Calvin Lee Marshall brings a motion for belated appeal of an order entered denying his pro se petition for scientific testing under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). We treat the motion as one for rule on clerk and deny it.

In 1992, a jury convicted Marshall on charges that he kidnapped, raped, and murdered one victim and murdered another. Marshall received an aggregate sentence of life without parole, and this court affirmed the judgment on appeal. *Marshall v. State*, 316 Ark. 753, 875 S.W.2d 814 (1994). On March 4, 2016, Marshall filed in the trial court a petition for leave to proceed in forma pauperis on a pro se petition in which he sought scientific testing under Act 1780. The Act 1780 petition was also filed on the same date. On March 22, 2016, the circuit court entered an order finding that the in forma pauperis

petition was denied "due to venue issues," and on October 21, 2016, an order was entered denying the Act 1780 habeas petition. Marshall filed a notice of appeal for the October 21 order on November 8, 2016, and another on November 16, 2016. Both notices were timely filed.[1]

On December 29, 2016, Marshall filed in the trial court another petition to proceed in forma pauperis. This time the petition sought to proceed with a motion for rule on clerk in which Marshall sought to have the circuit clerk provide him with the certified record to appeal the October 21, 2016 order and alleged that the clerk's refusal to do so was in violation of Act 1780. The motion for rule on clerk submitted with the petition was not filed in the trial court, and on February 2, 2017, Marshall filed another in forma pauperis petition that sought to proceed with a notice of appeal in which Marshall contended that the unfiled motion for rule on clerk had been "deemed denied." A different judge entered an order on February 2, 2017, granting the new in forma pauperis petition to proceed with the notice of appeal. The notice of appeal was filed that same day, and the record on appeal was then tendered to this court on March 20, 2017. The clerk declined to file the record on the basis that it was not tendered within ninety days of the November 8, 2016 notice of appeal.

Marshall then filed his pro se motion for belated appeal in this court. In his motion, Marshall requests permission to lodge the record and proceed with an appeal of the October 21, 2016 order denying the Act 1780 petition on the basis that his appeal has been "illegally

---

[1] Act 1780 provides that an appealing party must file a notice of appeal within thirty calendar days of the entry of an order under the Act.

thwarted" by the circuit clerk and that Act 1780 required his appeal to go forward without cost despite the denial of his petition to proceed as a pauper on the Act 1780 petition. Marshall does not request permission to proceed with an appeal on the denial of the in forma pauperis petition or contend that he should be permitted to appeal what he had alleged was the "deemed denied" order on the unfiled motion for rule on clerk.

Because the notice of appeal of the October 21, 2016 order was timely, we treat Marshall's motion as one for rule on clerk. *Holland v. State*, 358 Ark. 366, 367, 190 S.W.3d 904, 905 (2004) (per curiam); *see also King v. State*, 2016 Ark. 450 (per curiam) (holding moot a motion for belated appeal when notice of appeal was timely filed). Arkansas Rule of Appellate Procedure–Criminal 4(b) (2016) requires that the record be tendered to this court within ninety days of the date of the notice of appeal. Even if the earlier of the two notices of appeal was invalid and the later filing date for the second notice was used for the calculation of the ninety-day deadline to submit the record under Rule 4(b), the time expired on February 14, 2017—well before the record was tendered to this court on March 20, 2017.

Marshall does not contend that the record was submitted within the required time. Instead he alleges that the clerk's failure to provide him with a certified record caused the delay. The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *King*, 2016 Ark. 450. When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure

to comply with the procedural rules. *Clemons v. State*, 2014 Ark. 454, 446 S.W.3d 619 (per curiam). It is true, as Marshall contends, that Act 1780 prohibits any charge for fees or bond for costs to bring an appeal of the denial of an order on a petition under the Act. Ark. Code Ann. § 16-112-206(c). We need not consider Marshall's claim that this provided him with good cause for the delay in this case, however, because he cannot prevail on appeal.

An appeal of the denial of postconviction relief, including an appeal from an order denying a petition for writ of habeas corpus under Act 1780, will not be permitted to go forward when it is clear that the appellant could not prevail. *Wells v. State*, 2017 Ark. 88, ___ S.W.3d ___ (per curiam). Because Marshall failed to state a basis on which the trial court could have ordered scientific testing under the statutes, he cannot prevail on appeal.

Act 1780 provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16–112–201; *Hill v. State*, 2016 Ark. 258, 493 S.W.3d 754 (per curiam). Under the statute, when a petitioner fails to provide factual support for the claim that there is scientific evidence that bears on his case, he has failed to demonstrate that he is entitled to relief. *Id*. Arkansas Code Annotated section 16-112-202 requires that a petitioner who requests relief and who seeks scientific testing to provide the basis for his relief must identify evidence for testing that meets specific criteria set out in the statute, and the evidence identified must meet certain predicate requirements under the statutes. *Clemons*, 2014 Ark. 454, 446 S.W.3d 619. If the petitioner does not state the specific scientific evidence to be tested, then his petition is wholly without merit under the statute. *Darrough v. State*, 2014 Ark. 334, 439 S.W.3d 50 (per curiam).

SLIP OPINION

As in *Darrough*, Marshall's pro se Act 1780 petition failed to identify any specific evidence that he would have tested, despite the petition indicating that certain attachments would do so. The trial court, however, appears to have denied the petition because it found that the petition contained no allegations that the judgment in Marshall's case imposed an illegal sentence or was illegal on its face or that the trial court lacked jurisdiction in the case.

In addition to his request for scientific testing, Marshall raised claims in the petition that were not cognizable under Act 1780. Petitions under the Act are limited to those claims related to scientific testing of evidence. *Hill*, 2016 Ark. 258, 493 S.W.3d 754. The Act does not provide an opportunity for the petitioner to raise issues outside the purview of the Act, and a petition under the Act does not serve as a substitute for the pursuit of other remedies. *Id.* Yet, Marshall was incarcerated in Lee County when he filed his petition, and because he was not in custody in Phillips County when he filed his petition and specifically identified Act 1780, his petition should have been considered under the Act as one for scientific testing rather than under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). *See Clemons v. State*, 2013 Ark. 18 (per curiam).

This court will affirm the circuit court's decision because it reached the right result, albeit for the wrong reason. *White v. State*, 2015 Ark. 100, 460 S.W.3d 279 (per curiam); *Jones v. State*, 347 Ark. 409, 64 S.W.3d 728 (2002). Marshall therefore could not prevail if the appeal were permitted to proceed.

Motion treated as motion for rule on clerk and denied.