Cite as 2018 Ark. 22
# SUPREME COURT OF ARKANSAS
No. CR-17-597

| | |
|---|---|
| MARCHELLO PORTER | **Opinion Delivered** January 25, 2018 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | FAULKNER COUNTY CIRCUIT COURT |
| | [NO. 23CR-15-586] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | |
| | <u>AFFIRMED</u>. |

### COURTNEY HUDSON GOODSON, Associate Justice

Appellant Marchello Porter filed a pro se petition for writ of habeas corpus in the trial court. The petition challenged a judgment reflecting Porter's conviction on a robbery charge pursuant to a negotiated plea of nolo contendere under which he received 120 months' imprisonment in the Arkansas Department of Correction, and the prosecution nol-prossed a charge of third-degree battery. The trial court denied the habeas petition, finding that Porter had not demonstrated that his conviction should be dismissed or that he was being illegally detained, and Porter appealed. Because Porter established no basis for postconviction relief, we affirm.

The habeas petition that Porter filed in the trial court specifically referenced Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). Although the petition alleged

that there was scientific evidence to support Porter's innocence, Porter did not identify any scientific evidence for testing. Instead, Porter alleged prosecutorial misconduct in that the prosecution had withheld a security videotape that showed Porter did not have the stolen items when he left the scene of the crime. Porter contends that the videotape demonstrated his innocence in that it showed he was not the individual who left the scene of the crime with the stolen property.

In appeals of postconviction proceedings, this court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.* The same standard of review applies when a trial court denies scientific testing under Act 1780. *Id.*

Porter's petition failed as one under Act 1780. The Act provides that a writ of habeas corpus may be issued based on new scientific evidence proving a person actually innocent of the offense for which he or she was convicted. Ark. Code Ann. § 16–112–201. Porter identified no scientific evidence and did not request testing or identify any testing to be performed.

Under the statute, when a petitioner fails to provide factual support for the claim that there is scientific evidence that bears on his or her case, the petitioner has failed to

2

demonstrate that he or she is entitled to relief. *Marshall v. State*, 2017 Ark. 208, 521 S.W.3d 456. Arkansas Code Annotated section 16–112–202 requires that a petitioner who requests relief and who seeks scientific testing to provide the basis for relief must identify evidence for testing that meets specific criteria set out in the statute, and the evidence identified must meet certain predicate requirements under the statutes. *Id.* If the petitioner does not state the specific scientific evidence to be tested, then the petition is wholly without merit under the statute. *Id.*

The trial court appeared to treat the petition as a request for habeas relief not under Act 1780, in spite of Porter's specific identification of the Act as his basis for relief. The Act does not provide an opportunity for the petitioner to raise issues outside the purview of the Act, and a petition under the Act does not serve as a substitute for the pursuit of other remedies.[1] *Id.* The trial court reached the correct result, even if it used the wrong analysis, and we therefore affirm. *Id.*

Affirmed.

*Marchello Porter*, pro se appellant.

---

[1] In his brief on appeal, Porter cites cases concerned with the issuance of a writ of error coram nobis. Those cases are inapplicable because he did not request issuance of that writ, and he proceeded in the trial court under Act 1780 alone. We do note that an affidavit submitted with the information charging Porter with robbery alleged that co-defendants took the property while Porter was beating the victim.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.